# THE PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, v. THOMAS TIDWELL AND JOSEPH ANDERSON, APPELLANTS.

CRIMINAL LAW—EVIDENCE--REBUTTAL.—On a trial for murder, the defense of an attempted arrest of deceased for larceny of certain cattle was made; *held*, that it was proper in rebuttal to offer evidence showing property in the cattle in a third person.

ID.—ID.—REBUTTAL.—Evidence admissible in chief that might more properly be given in chief, may be admitted in rebuttal. The admission of such evidence is in the discretion of the court.

ID.—HOMICIDE—BURDEN OF PROOF.—Under section 268 of Code of Criminal Procedure, if the killing is proven beyond a reasonable doubt, and no evidence of justification or excuse appeared, the burden is on the defendant of showing the circumstances of justification or excuse by a preponderance of the evidence relating to such justification.

ID.—ID.—INSTRUCTION.—An instruction to the jury embodying the above principle relating to burden of proof was not error, if in another portion of the charge the jury was instructed that malice as well as the other facts essential to the crime, must be proven beyond a reasonable doubt.

ID.—PRIVATE COUNSEL.—On the trial of an indictment for murder, private counsel engaged by relatives of the deceased may be permitted to assist in the prosecution, against the objection of the defendants.

APPEAL from convictions, one defendant for murder in the second degree, the other defendant for voluntary manslaughter in the district court of the first district. The opinion states the facts, except the following:

The instructions given by the court upon the subject of the burden of proof, are as follows:

The statute of this territory provides that "Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable."

I understand this statute to mean, that if the homicide is proved beyond a reasonable doubt, and if in making this proof the prosecution have not shown circumstances in mitigation, or that excuse or justify it, then the legal inference is that the homicide was murder, but, if the defense be, as an independent exculpatory fact, that the killing was not done in malice, but was the result of sudden passion, or in necessary self-defense, in order to make these pleas available as a matter of defense they must be sustained by affirmative proof, proof so preponderating over the proof of the prosecution, in denial of these independent exculpatory facts, as to create in the minds of the jury a reasonable doubt of the guilt of the defendant. The burden of what should be proved beyond a reasonable doubt, never shifts to the defendants, but the prosecution having proven beyond a reasonable doubt the fact of the killing, unless the circumstances of mitigation, or that justify or excuse it, arise out of the evidence against them, the prisoners must take upon themselves the burden of satisfying the jury by a preponderance of evidence that such circumstances existed at the time of the killing, to the extent of raising in their minds a reasonable doubt of the guilt of the defendants.

If you believe from the evidence that the deceased, August Sorenson, had in fact stolen and drove away an animal belonging to the defendants, or either of them, and that he had in fact killed another animal of defendants, or either of them, and converted the carcass or a portion thereof, to his own use; and if you further believe from the evidence, that both facts, or that one of them, was known to the defendants, or that they had prior to the homicide reasonable cause for believing that Sorenson had so killed and stolen animals of defendants, and that they had followed Sorenson with purpose of arresting him, or of recovering any of the property of them, or of either of them from the possession of Sorenson; and if you further believe from the evidence that the defendants on the 7th day of November, A. D. 1884, at Emery county, in this territory, came upon deceased and his herd of cattle and discovered an animal belonging to one of the

defendants, in said herd, and in the possession of the deceased; and if you further believe from the evidence, that the defendants, or one of them, in the presence of the others charged the deceased with having killed one animal not his own, and with having others in his herd, and that deceased then and there drew a loaded pistol and leveled it on one of the defendants in a threatening manner, and afterward upon the request of said defendants lowered his weapon and indicated his intention to proceed no further towards combat; and that afterwards the defendants, or one of them, in the presence of the others threatened to arrest deceased, and then and there shots were interchanged between two of the defendants and deceased, and the deceased was then and there shot to death by defendants, or either of them, with the consent and in the presence of the others, I instruct you that the burden of proving the necessity or excuse or justification for the killing is upon the defendants, and they must establish the same by a preponderance of evidence, unless the evidence on the part of the prosecution tends to show such necessity, excuse, or justification.

*Mr. Arthur Brown, Messrs. Sutherland & Son, Mr. Jacob Johnson* and *Mr. David Evans,* for appellants.

*Mr. W. H. Dickson* and *Mr. Charles S. Varian,* for respondent.

ZANE, C. J.:

The defendants were tried in the first district court on an indictment charging them with the murder of one Augustus Sorenson, and the defendants Frank and Thomas Tidwell were found guilty of murder in the second degree, and the defendant Anderson guilty of voluntary manslaughter. They were all sentenced to terms of imprisonment in the penitentiary—Frank for six years and six months, Thomas for five years and six months, and Anderson for one year and six months. From this judgment the defendants Thomas Tidwell and Joseph Anderson appealed to this court.

It appears from the evidence that the deceased had purchased a drove of cattle, which he was driving in Utah, assisted by one Toedt, to his home in Colorado, when the defendants overtook him, and charged him with stealing two heifers, which they alleged were Thomas Tidwell's. The evidence also tends to prove that they threatened to arrest deceased; that angry words followed, shots were exchanged, and Sorenson was killed. In justification of the killing, defendants, on the trial, offered evidence to prove that at the time of the killing they were endeavoring to arrest the deceased for the larceny of the two heifers claimed to be the property of the defendant Thomas Tidwell. They had no warrant authorizing his arrest, and neither of them was an officer. In order to make out the crime of larceny it was necessary for them to prove property, either general or special, in some one. They relied on evidence of general property in Thomas Tidwell. This the prosecution contested, as well as the good faith of that defense, and for that purpose offered in rebuttal proof that a third party was the owner of the animals in dispute, which the court permitted to go to the jury. The ruling of the court in so doing the defendants assign as error. In view of the nature of the defense, and the evidence relating thereto, we are of the opinion that the evidence objected to was properly received.

The defendants also allege as error the admission of certain evidence in rebuttal which might have been given in chief. Allowing it to go to the jury at that stage of the trial was discretionary with the court.

The following portion of the charge of the trial court is also alleged to be erroneous, and is brought to our attention for review:

"(13) If you believe from the evidence that the deceased, August Sorenson, had in fact stolen and driven away an animal belonging to the defendants, or either of them, and that he had in fact killed another animal of defendants, or either of them, and converted the carcass, or a portion thereof, to his own use; and if you further believe from the evidence that both facts, or that one of them, was known to the defendants, or that they had,

prior to the homicide, reasonable cause for believing that
Sorenson had so killed and stolen animals of defendants,
and that they had followed Sorenson with purpose of ar-
resting him, or of recovering any of the property of them,
or of either of them, from the possession of Sorenson; and
if you further believe from the evidence that the defend-
ants, on the seventh day of November, A. D. 1884, at
Emery county, in this territory, came upon deceased and
his herd of cattle, and discovered an animal belonging to
one of the defendants, in said herd, and in the possession
of the deceased; and if you further believe from the evi-
dence that the defendants, or one of them, in the presence
of the others, charged the deceased with having killed one
animal not his own, and with having others in his herd,
and that deceased then and there drew a loaded pistol,
and leveled it on one of the defendants in a threatening
manner, and afterwards, upon the request of said defend-
ants, lowered his weapon, and indicated his intention to
proceed no further towards combat; and that afterwards
the defendants, or one of them, in the presence of the
others, threatened to arrest deceased, and then and there
shots were interchanged between two of the defendants
and deceased, and the deceased was then and there shot
to death by defendants, or either of them, with the con-
sent and in the presence of the others—I instruct you
that the burden of proving the necessity or excuse or jus-
tification for the killing is upon the defendants, and they
must establish the same by a preponderance of evidence,
unless the evidence on the part of the prosecution tends to
show such necessity, excuse, or justification."

The principle announced is this: If the killing is satis-
factorily established without evidence on the part of the
prosecution tending to prove justification, the defendants
must prove any necessity, excuse, or justification for the
act, by a preponderance of the evidence which he produces
relating to such necessity, excuse, or justification. The
prosecution having proven the act of killing beyond rea-
sonable doubt, without any evidence of circumstances miti-
gating, excusing, or justifying that act, the burden of prov-
ing them is upon the defendant. Without any evidence

with respect to them they will not be presumed; and, if defendant's proof is equally balanced with respect to them, they are not proved—defendant's evidence is equally balanced and neutralized. In that case there is no excess of proof on his part to overcome the presumption from the killing.

The portion of the charge above quoted was evidently based upon the following section of the Criminal Code: "Upon a trial for murder, the commission of the homicide by defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable:" Laws Utah, 1878, sec. 268, p. 117. In this section the legislature adopted the common-law rule, thus stated by Russell: "Besides the presumption which a jury may make from circumstantial evidence, there are also presumptions of law. Thus, on every charge of murder, the fact of killing being first proved, the law presumes it to have been founded on malice till the contrary appears, and therefore all circumstances alleged by way of justification, excuse, or alleviation must be proved by the prisoner, unless they arise out of the evidence produced against him:" 2 Russ. Cr., 731. The principle is expressed in equivalent terms in Fost. Crown Law, 255: "In every charge of murder, the fact of killing being first proved, all the circumstances, of accident, necessity, or infirmity, are to be satisfactorily proved by the prisoner, unless they arise out of the evidence produced against him; for the law presumeth the fact to have been formed in malice until the contrary appeareth; and very right it is that the law should so presume."

The substance of these quotations the court announced to the jury in its charge. The principle may be stated in this form: The act of killing being proved beyond a reasonable doubt, without any other evidence of intent, malice is presumed beyond a reasonable doubt; and, unless the other evidence preponderates against it, the presumption of malice will remain. The presumption of malice from

the killing must be met with other evidence; and if, without the presumption from the *corpus delicti*, the evidence of malice is equal to the evidence against it—balanced—the presumption from the killing is not affected; and if the evidence, without the presumption from the fact of killing, merely raises a reasonable doubt of malice, the presumption from the weight of evidence is added to the presumption from the killing, and the presumption of malice is stronger than it would have been without defendant's evidence, for a reasonable doubt is supposed to exist against the mere weight of evidence. The law presumes there may be a reasonable doubt of the existence of a fact supported by the weight of the evidence. The rule stated in the portion of the charge quoted did not deprive the defendants of the benefit of a reasonable doubt of the existence of malice. It merely required the presumption of guilt from the fact of killing to be considered with all the other inferences and evidence bearing on the fact of malice. Regarding presumptions and inferences as part of the evidence, the rule stated required a reasonable doubt of malice in view of all the evidence bearing on that fact—not alone in view of the other evidence, without the effect of the presumption from the killing. In other parts of the charge (which was quite long) the jury were plainly informed that malice, as well as the killing, must be proved beyond a reasonable doubt, and that if they had a reasonable doubt, in view of all the evidence before them, of any fact essential to guilt, they must acquit.

Counsel for the defense urge that the rule under discussion can only apply to a case of secret killing, and that it had no application to the one in hand; that the giving of it was calculated to mislead the jury. The jurors were the sole judges of the credibility of the witnesses and of the weight of the evidence. Unless there was proof on the part of the prosecution tending to show that the crime committed only amounted to manslaughter, or that the defendants were justified or excusable, the rule was certainly applicable. But, assuming it had no application to the evidence, in view of the entire charge, we do not believe the jury were misled by it.

It appears from the record that one F. C. Goudy, an attorney at law, assisted the district attorney, on the trial, at the latter's request and by permission of the court, and against the objection of the counsel for defendants, and that he was employed by the relatives or friends of the deceased. This is also assigned as error. While the objection is supported by high authority, we are of the opinion that the weight is to the contrary, and that the rule generally followed is to leave such permission to the discretion of the court. It often happens that two or more counsel are engaged for the defense, and justice is best promoted by a full and fair presentation of the law and the evidence. The more learning and ability brought to bear on the case the better. The court should so control the investigations as to prevent oppression and injustice.

A great number of other errors are assigned, none of which, in our judgment, are well founded. We find no error in the record, and therefore affirm the judgments rendered by the court below.

BOREMAN, J.: I concur. In the charge the rule that the burden of proof never shifts is recognized. That being taken with the thirteenth instruction, I do not think the jury could have been misled.

POWERS, J.: I dissent. I am of the opinion that a new trial should be granted. I think that the charge of the court was liable to mislead the jury, and that there are other errors in the record sufficient to reverse the case.