PEOPLE OF THE TERRITORY OF UTAH, RESPOND-
ENT, *v.* MALACHI W. DILLON, APPELLANT.

CRIMINAL LAW. — HOMICIDE. — INSANITY. — BURDEN OF PROOF.—
Under § 5044, 2 Compiled Laws, 1888, which provides that
upon a trial for murder, the commission of the homicide by
defendant being proven, the burden of proving circumstances
of mitigation or that excuse or justify it devolves upon him,
unless the proof on the part of the prosecution tends to show
that the crime committed amounts only to manslaughter, in-
sanity not appearing from testimony of prosecution, is an
affirmative defense to be proven by the defendant by a pre-
ponderance of the testimony.

BLACKBURN, J., dissenting.

APPEAL from a judgment of conviction and from an
order refusing a new trial in the district court of the
first district. The facts appear from the opinion.

It is not noticed by counsel upon either side, but the
statute quoted only relates to the trial for murder. The
defendant in this case was convicted only of the crime of
manslaughter, showing that the jury did consider the
proof as establishing mitigating circumstances so as to
remove the malice from the killing; then *quære* what bear-
ing has the contention of counsel upon the instruction
for such a question could be made only when the defend-
ant is convicted of murder?

*Mr. William H. Dickson* and *Mr. Orlando W. Powers,*
for the appellant.

Cited, *Hopps* v. *People,* 33 Ill. 385 (overruling Fisher's
Case, 23 Ill. 293), 83 Am. Dec. 231; *Alexander* v. *Peo-
ple,* 96 Ill. 96; *Chase* v. *People,* 40 Ill. 352; *Bradley* v.

*State,* 31 Ind. 492; *McDougal* v. *State,* 88 Ind. 24, s. c.
4 Crim. L. Mag. 509, and note; *Guetig* v. *State,* 66 Ind.
94, s. c. 32 Am. Rep. 99; *State* v. *Crawford,* 11 Kan.
32; *People* v. *Garbutt,* 17 Mich. 9; *Cunningham* v. *State,*
56 Miss. 269, s. c. 31 Am. Rep. 360; *Wright* v. *People,*
4 Neb. 407; *Ballard* v. *State,* 28 N. W. Rep. 27; *State*
v. *Pike,* 49 N. H. 399; *State* v. *Bartlett,* 43 N. H. 224;
*State* v. *Jones,* 50 N. H. 369; *Walter* v. *People,* 32 N. Y.
147; *People* v. *McCann,* 16 N. Y. 58; *O'Brien* v. *People,*
48 Barb. (N. Y.) 274; *O'Connell* v. *People,* 87 N. Y. 377;
*Dove* v. *State,* 3 Heisk (Tenn.), 348; *State* v. *Patterson,* 45
Vt. 308; *State* v. *Marler,* 2 Ala. 43, 36 Am. Dec. 398;
*Polk* v. *State,* 19 Ind. 170, 81 Am. Dec. 382; *Stevens* v.
*State,* 31 Ind. 491, 99 Am. Dec. 634; *State* v. *Mahn,* 25
Kas. 187; *Brotherton* v. *People,* 75 N. Y. 159; *Moett* v.
*People,* 85 N. Y. 374, 69 Am. Dec. 642.

*Mr. Charles S. Varian,* U. S. Attorney, and *Mr. E. M.
Allison, Jr.,* Assistant U. S. Attorney, for the respondent.

ZANE, C. J. :

The defendant was tried upon an indictment charging
him with murder, and the jury found him guilty of volun-
tary manslaughter. The court overruled a motion by him
for a new trial, and sentenced him to confinement in the
penitentiary for the term of nine years. To the order
overruling the motion for a new trial and to entering judg-
ment on the verdict the appellant excepted and assigns
the same as error. The commission of the homicide was
proven by the witnesses introduced on behalf of the prose-
cution, without any evidence to reduce the killing to
manslaughter or to justify or excuse it. The defendant
relied upon insanity as a defense, and offered evidence to
prove it; and the prosecution offered evidence upon the
issue to disprove insanity, and tending to show sanity.
Before the jury were charged, counsel of the respective

parties said to the court that they regarded it as proper to charge the jury upon the law of manslaughter as well as upon the law of murder. But the same counsel now insist that, if the defense of insanity was not proven, the evidence showed the defendant guilty of murder, and that there was no evidence to support a conviction of manslaughter. The jurors may have believed that conduct of defendant relied upon as indicating insanity was referable to intoxication (evidence of which was offered on the trial); that his mind was so affected with liquor as to raise a reasonable doubt of the premeditation essential to murder. If the killing was intentional and unlawful, and wholly from passion inflamed by intoxication, and from an imaginary insult, and without that degree of thought essential to malice, he was guilty of voluntary manslaughter. And we are not prepared to hold that there was no evidence of such a state of mind at the time of the fatal injury. Further, the jury having found the issue of insanity against the appellant, his counsel cannot be heard to complain because he was not found guilty of murder instead of manslaughter. It appears from the record that the evidence introduced by the prosecution established the homicide without any proof of insanity or of justification or excuse; that the defendant relied upon insanity as a defense and offered evidence on that issue to prove it; that the plaintiff offered evidence to disprove it; that considerable of evidence was introduced on either side of the issue; and that the court charged the jury that the defendant relied upon insanity as an affirmative defense; and that the burden was upon him to prove it by a preponderance of the evidence; and that to the announcement to the jury of this legal proposition the defendant's counsel excepted. The law of this Territory is: "Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation or that

justify or excuse it devolves upon him, unless the proof
on the part of the prosecution tends to show that the
crime committed only amounts to manslaughter, or that
the defendant was justifiable or excusable." 2 Comp.
Laws, 1888, § 5044. The authority of the legislature to
enact such a law is undoubted; the intent is manifest;
there is no room for construction, and the courts must
respect the law. The obvious intention of the legislature
was that proof of the killing, without evidence in miti-
gation or that tends to justify or excuse it, imposes upon
the defendant the burden of furnishing such proof.
Otherwise stated, when the prosecution proves the homi-
cide without more the defendant must prove any fact that
he sets up as an affirmative defense, and that such fact
is not proved when the evidence offered on one side of
the issue in its support, when weighed against the evi-
dence on the other side of the issue, and against it,
only raises a reasonable doubt of the fact in issue, or when
the evidence offered for and against it only balances. This
statute includes all affirmative defenses, and therefore it
embraces the defense of insanity. Without a statute on
the subject, the law would presume sanity, and the burden
would be on the defendant to prove it.

As to the proof of insanity in a criminal case the
authorities are conflicting. Some require the defendant's
insanity to be proven beyond a reasonable doubt; others
hold that any evidence of insanity by him imposes upon
the plaintiff the burden of proving sanity beyond a reason-
able doubt; but a majority of the cases decide that the
affirmative of the issue must be proven by a preponder-
ance of the evidence. In *People* v. *Tidwell,* 4 Utah, 506,
12 Pac. Rep. 61, the court held that the statute above
quoted established the rule as last stated. Chief Justice
Shaw, in a very elaborate opinion, and after a careful
consideration of the question in the light of authority and
reason, says: "I have thus endeavored to establish the

proposition, and it seems to be most abundantly proved, that when the fact of voluntary homicide is shown, and this not accompanied with any fact or excuse or extenuation, malice is inferred from the act; that this is a fact which may be controlled by proof; but the proof of it lies on the defendant, and, if not so proved, it cannot be taken into judicial consideration. This is expressed in a variety of forms, a variety so great as to preclude the supposition that it depends upon a form of words or mode of expression transmitted by one writer or jurist to another, but recognized for a long series of years as a rule of judicial decision founded on the principles of evidence, and confirmed by a long course of practice. * ·* * It is hardly necessary to cite authorities to the very familiar principle that when a fact is to be proved it must be by evidence sufficient to lead a jury to believe it to be true, and that for this purpose it ·must outweigh or overbalance the evidence which it is brought to control. * * * The proof establishing the necessity for such taking of life in self-defense must be satisfactorily made out. Raising a doubt would be insufficient." *Com.* v. *York,* 9 Metc. (Mass.) 93. The Utah statute above quoted was taken from the Code of California after the supreme court of .that State had decided that it required circumstances of mitigation or of justification or excuse to be proven by a preponderance of evidence when the homicide is established by the prosecution without evidence tending to prove such mitigation, justification or excuse. *People* v. *Milgate,* 5 Cal. 127; *People* v. *Stonecifer,* 6 Cal. 405; *People* v. *Arnold,* 15 Cal. 476. The same court has affirmed these earlier cases by more recent decisions. Mr. Justice Field in his charge to the jury in the case of *U. S.* v. *Outerbridge,* 5 Sawy. 497, said: "If there are any circumstances of excuse or palliation which will rebut the implication of malice, it is incumbent upon him to show them. The burden of proof rests upon him, for the law presumes that every

person intends to produce the results which are the usual consequences of his acts." In *People* v. *Schryver*, Earl, C. J., said: "We must produce the same degree of proof that would be required if the blow inflicted had not produced death, and he had been sued for assault and battery, and had set up a justification. When a man takes human life, upon which the law sets a high value, it is not sufficient for him to raise a reasonable doubt whether he was justified or not, but he must go one step further, and give satisfactory evidence that he was justified. This rule is sufficiently humane to the prisoner, and at the same time gives some protection to human life." 42 N. Y. 1. In the case of *State* v. *Lewis*, 20 Nev. 333, 22 Pac. Rep. 241, the court held that, upon principle, as well as upon the weight of authority, the burden is upon the defendant who sets up insanity of proving it by a preponderance of the evidence. The court supports its conclusion with abundant authority. Upon this issue the law presumes sanity beyond a reasonable doubt, and to create a reasonable doubt of it evidence of insanity is necessary.

It is easy to ascertain exactly the relative weight of material things. If the weight at one end of the beam is heavier than the weight at the other, the indication is apparent and unmistakable. But it is not so easy to compare the weight of evidence on opposite sides of an issue; but, nevertheless, the law makes it the duty of courts and jurors, in the investigation of truth, to ascertain the relative weight of proof on opposite sides of an issue with such certainty as the capacities of the minds of men enable them to do. If the prosecution offers as much evidence of sanity as the defendant does of insanity, the proof on the one side balances the proof on the other, and the presumption of sanity beyond a reasonable doubt has no evidence to weigh against it. Unless the evidence of insanity exceeds that of sanity offered upon the issue,

there is no proof to counteract the presumption of sanity beyond a reasonable doubt. Before any evidence as to insanity the law presumes sanity, and, if the evidence of the prosecution without that presumption equals the evidence of the defendant, it is as though no evidence had been offered on the issue, and the presumption of sanity beyond a reasonable doubt remains. The rule does not require the evidence of insanity to' preponderate over both the evidence of sanity and the legal presumption of sanity considered together; it simply requires the evidence of insanity to exceed that given of sanity, and that excess counteracts the presumption of the law to the extent of raising a reasonable doubt of sanity. The difficulty is to compare the evidence upon the issue given on one side of it with the evidence given on the other, separately and distinctly from the presumption of the law, and to discover whether 'there is any excess in favor of insanity to raise a reasonable doubt of the sanity that· the law infers. The jury cannot acquit the defendant because of insanity unless the evidence upon the issue preponderates against sanity. After charging the jury as to the burden of proof upon the issue of insanity, it is the duty of the court to say to them that if, upon the whole evidence, they have a reasonable doubt of the defendant's guilt, it is their duty to acquit him. The court on the trial of this cause charged the jury " that the burden of proving insanity was on the defendant, and that he was required to prove it to the satisfaction of the jury by a preponderance of the evidence, but that he was not required to establish it beyond a reasonable doubt; * * * that, where the burden is upon the defendant to establish his defense, it is only by a preponderance of the evidence; * * * that the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt; and that this presumption applies to every fact necessary to the crime, and that, if any one of them is

not proven beyond a reasonable doubt, the jury should acquit." In this the court charged the jury that insanity was an affirmative defense, and that the burden was on him of proving it by a preponderance of the evidence. This was proper, inasmuch as the homicide was established by the prosecution without any evidence tending to prove insanity. The jury was also charged, upon the whole case, that the law presumed the defendant innocent until proven guilty beyond a reasonable doubt. The jury did not find that the killing was malicious, but they must have believed that it was intentional and unlawful, in order to find the defendant guilty of voluntary manslaughter. The charge to the jury is a very long one, and some of its propositions were not accurately stated, but, when all of them are considered together, we are of the opinion that it was substantially correct. We find no error in the record. The judgment of the court below is affirmed.

ANDERSON, J., concurred.

BLACKBURN, J. (*Dissenting*):

I am compelled to dissent from the opinion and judgment of the court. I think the instructions of the court who tried the case erroneous, and the case ought to be reversed. The killing was clearly proved and it was without provocation or excuse. The defense was insanity. The instructions given by the court were substantially: (1) That insanity is an affirmative defense; (2) that the burden of proof shifts to the defendant; (3) that insanity, to be a defense, must be supported by a preponderance of the evidence. I think each and all of these instructions are erroneous. Insanity is not in any sense an affirmative defense. The statute says an insane person is incapable of committing crime. The indictment charges that he willfully, feloniously,

with deliberate and premeditative malice aforethought, did kill and murder, etc. The charge is that the defendant is a sane person, and capable of committing a crime. An insane person cannot be a felon; cannot will, for his will power is destroyed; cannot harbor malice; cannot deliberate or premeditate. This indictment directly charges sanity in the defendant; and insanity is simply a denial of sanity, and not an affirmative defense. It is true that the prosecution does not have to prove sanity, and is excused from it because the presumption is that all men are sane; but that is only a presumption of fact, and may be rebutted by proof; and the evidence offered is not to maintain an affirmative defense, but to rebut the charge that the defendant is sane. As well say that drooling idiocy or infancy under seven years is an affirmative defense to the commission of crime. The law cannot impose an obligation upon an insane person, for he is incapable of assuming obligations. He is not capable of acting in a legal sense; he is mentally incapable of making a defense; he is without mind; he cannot reason; he cannot plan or employ an attorney to assist him, for he is wholly incapable of contracting, and his acts are not to be considered valid. How, then, can he assume the burden of a defense, or be punished because of its failure? How can he be held responsible, because he is not capable of determining what evidence he needs to support his defense by a preponderance of evidence?

The second error in the instructions is that the burden of proof, where insanity is the defense, is on the defendant to show insanity. At common law, in criminal trials, the burden never shifts. It is always on the prosecution to show the defendant guilty beyond a reasonable doubt; to establish beyond a reasonable doubt every material allegation of the indictment, and every material element of the crime charged. And I have shown conclusively, as I think, that sanity is one of the material allegations of

the indictment. The Supreme Court of the United States says in the case of *Lilienthal's Tobacco* v. *U. S.*: "In criminal cases the true rule is, the burden of proof never shifts; that in all cases, before conviction can be had, the jury must be satisfied from the evidence beyond a reasonable doubt of the affirmative of the issue presented in the accusation,—that the defendant is guilty in manner and form as charged in the indictment." 97 U. S. 266. In this case the issue presented is the sanity of the defendant. According to that authority, the burden is on the prosecution to show from the evidence beyond a reasonable doubt that the defendant is sane. But it is said this is the common law rule, but our statute has changed it. In the case of *People* v. *Tidwell*, 4 Utah, 506, 12 Pac. Rep, 61, the chief justice, in delivering the opinion of the court, says substantially that this statute does not establish a new rule of evidence, but is in affirmance of the common law. In this case Judge Boreman concurs, because, as he thinks, the opinion does not shift the burden of proof, and Judge Powers dissents. So this case is understood to support the position that the burden of proof does not shift to the defendant in a criminal case, and that the defendant must be proved guilty beyond a reasonable doubt. In the case of *People* v. *Callaghan*, 4 Utah, 55, 6 Pac. Rep. 49, the court says : "The burden of what should be proved beyond a reasonable doubt never shifts to the defendant, but, the prosecution having proven beyond a reasonable doubt the fact of the killing, unless circumstances that justify or excuse it arise out of the evidence against him, the prisoner must take upon himself the burden of satisfying the jury by a preponderance of the evidence that such circumstances existed at the time of the killing to the extent of raising in their minds a reasonable doubt of his guilt." If this means anything, which is doubtful, it means that the defendant must, by a preponderance of the evidence, raise

a reasonable doubt of his guilt. Give it a practical meaning, and it says that from all the evidence in the case, considering that introduced by the prosecution, and also that introduced by the defendant, the jury must be convinced beyond a reasonable doubt of the guilt of the defendant before they can convict, and, reduced to its simplest form, is only another way of saying that the burden of proof to establish the defendant's guilt beyond a reasonable doubt never shifts from the prosecution to the defendant. It cannot be, therefore, that the defendant must show by a preponderance of the evidence circumstances in mitigation. It is sufficient. if his evidence raises a reasonable doubt of his guilt. But it is said our statute is taken from California, and we should follow the California decisions in construing it. That claim loses its voice when we consider that it is but a restatement of the common law rule, and that a like statute was in force in Illinois while California was still a province of Mexico. Why not follow the decisions of the supreme court of Illinois instead of that of California? See *Hopps* v. *People,* 31 Ill., 385.

This brings us to the third error, namely, that the defense of insanity must be established by a preponderance of the evidence. But why say "a preponderance of evidence?" A preponderance of evidence has no connection with criminal evidence. The proof must be beyond a reasonable doubt. To say "by a preponderance" is merely arbitrary, founded neither in reason nor common sense. If, as we have shown, the defense of insanity in a criminal prosecution is not an affirmative defense, and the burden of proof does not shift to the defendant, it is a demonstration that the defense needs not to be sustained by a preponderance of the evidence; the evidence need only raise a reasonable doubt of the defendant's sanity. Material things can be weighed, but where we talk about preponderance of evidence in reference to

those things that influence us in our belief as to the
sanity or insanity of an individual, where the issue is
close, who can say where the preponderance is? It is all
conjecture; it is a domain of absolute uncertainty. Can
the most intelligent judge determine where the prepon-
derance is, much less the average juror? In most cases
it is simply talking nonsense to a jury to say to them in
a criminal case where the defense is insanity that, in
order to acquit the defendant, they must find his insanity
by a preponderance of the evidence. If the evidence
lack a pound of being in equipoise, the defendant must
hang; if the evidence is in equipoise, the defendant
must hang; and, if the jury is in doubt where the pre-
ponderance is, the defendant must hang. Is such a doc-
trine either reasonable or humane? A juror goes to his
room to find his verdict. He reasons thus to himself:
"I do not know about this; I am in doubt. The defend-
ant may have been insane when he did the deed. Much
evidence supports that theory, and there is much evi-
dence that tends to show he was sane. The court tells
us that, in order to acquit the defendant, his insanity
must be shown by a preponderance of the evidence. I
do not understand what he means by a preponderance,
and, if I did, I cannot tell where it is in this case. I
am in doubt, but under the instruction of the court I
will have to find the defendant guilty." Such an instruc-
tion is wholly vicious, and can have no other effect than
to confuse the jurors, and cause them to find an unsatis-
factory or vicious verdict. Therefore, I think such an
instruction is unreasonable and inhuman. If the jurors
are instructed to find the defendant not guilty, if they
have a reasonable, substantial doubt of his sanity, they
can act intelligently; or if they are instructed that they
should find the defendant guilty unless they find from
the evidence beyond a reasonable doubt that the defend-
ant is insane, they can act intelligently. There is no

room for conjecture or uncertainty. They are not disturbed by the question of a preponderance in reference to metaphysical things that cannot by any possibility be weighed. I am therefore convinced that a man should not be convicted of a crime where there is a well-founded doubt of his sanity at the time of its commission ; that it is the law, and ought to be; and that it is founded in reason and humanity, and consistent with a christian civilization. This view of the law is supported by many authorities, among which are: *Polk* v. *State,* 19 Ind. 172; *People* v. *McCann,* 16 N. Y. 58; *Hopps* v. *People,* 31 Ill. 385. The reasoning in these cases is so forcible and in accordance with the well-recognized principles of criminal pleading and evidence that no other is needed.