## TERRITORY OF HAWAII *v.* CHONG CHAK LAI.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MAY 14, 1909.                    DECIDED MAY 24, 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

CRIMINAL LAW—*private prosecutor.*

> An attorney of the complaining witness may assist in the prosecution of a criminal case by consent of the public prosecutor.

OPINION OF THE COURT BY HARTWELL, C.J.

When the defendant was arraigned in court A. S. Humphreys stated that he was associate counsel for the prosecution. The defendant's counsel objected to his appearing on the ground that he was employed, as he said he was, by the Chinese consul. The city and county attorney stated that Humphreys was assisting the prosecution. After argument in which the county attorney did not participate the court reserved for our consideration the question of the validity of the defendant's objection, stated in the defendant's brief in the following form: "Can an attorney employed by the complaining witness be permitted in this jurisdiction to take part in the prosecution of a defend-

ant under indictment for the alleged violation of a territorial statute?" The statute relied upon is Sec. 1551 R. L. in Ch. 105, relating to the attorney general, reading as follows:

"He shall not receive any fee or reward from or in behalf of any person or prosecutor for services rendered in any prosecution or business to which it shall be his official duty to attend; nor be concerned as counsel or attorney for either party in any civil action depending upon the same state of facts."

Similar statutes in Massachusetts, Michigan and in Wisconsin have been construed as giving to the attorney general exclusive duty to conduct and manage criminal prosecutions and as declarative of a public policy against the employment by private persons of attorneys to conduct or even assist in the prosecution of criminal cases. *Commonwealth v. Knapp,* 10 Pick. 477, 481, 482; *Commonwealth v. Williams,* 2 Cush. 582, 585; *Commonwealth v. Scott,* 123 Mass. 222, 233; *Commonwealth v. Gibbs,* 4 Gray 146; *Biemel v. The State,* 71 Wis. 444; *People v. Hurst,* 41 Mich. 328, 330; *Sneed v. People,* 38 Mich. 248; *Meister v. People,* 31 Mich. 99; *People v. Bemis,* 51 Mich. 422, 424. The policy of allowing assistance of a private prosecutor is approved in *People v. Tidwell,* 4 Utah, 513; *People v. Blackwell,* 27 Cal. 66; *Burkhard v. State,* 18 Tex. App. 599. In Maine, Kansas, Iowa and Florida statutes like that now under consideration are held not to exclude the employment of private counsel. *State v. Bartlett,* 55 Me. 200; *State v. Wilson,* 24 Kan. 138; *State v. Shinner,* 76 Ia. 147; *Thalheim v. State,* 38 Fla. 169; 20 So. 938.

The defendant insists that the judicial construction placed upon the statute in Massachusetts, where it appears to have been enacted in 1807, should be followed here, citing *Cathcart v. Robinson,* 5 Pet. 264; *McDonald v. Hovey,* 110 U. S. 628; *Interstate Commerce Commission v. B. & O. R. R.,* 145 U. S. 263.

The presumption that the Legislature in adopting the statute of another state or of a foreign country adopts the construction of the statute made by the courts of that state or country cannot be permitted to prevail against a plain and obvious interpretation of the statute. *Pratt v. Miller,* 109 Mo. 78 (32 Am. St. 656). "The imported construction should prevail only in so far as it is in harmony with the spirit and policy of the general legislation of the home State." Endlich on Interpretation, Sec. 371. "While * * * it is the ordinary rule to accept the interpretation given to a statute by the courts of the country by which it was originally adopted, the rule is not an absolute one, to be followed under all circumstances. We concur in the interpretation placed upon the Utah statute by the Supreme Court of Utah, as one required by the obvious meaning of its provisions, and we do not feel obliged, by the above rule, to reject that interpretation because apparently the highest court of the State from which the statute was taken has, in a single decision, taken a different view." *Whitney v. Fox,* 166 U. S. 637, 647. And where the statute is too clear to require construction there is no occasion to refer to decisions elsewhere. The practice in Hawaii has always allowed the public prosecutor to engage or permit private counsel to assist in prosecutions, and there is no reason to suppose that this practice was not in existence from the time of the earliest enacted laws. The statute in its present form appears in Sec. 9, Act of July 11, 1851, relating to district attorneys, Sec. 1092 C. C. (1859), and in Sec. 5, Act of July 27, 1866, defining the duties of the attorney general. At an early date the attorney general appointed "agents" to "do the duties of district attorneys" in certain localities in prosecuting minor offenses, the agents having the right to "the attorneys' fees growing out of any cause by them prosecuted." Act to Organize the Executive Departments, April 27, 1846, p. 262. Act 118 S. L. 1907, in authorizing the city and county attorney to prosecute criminal cases before district magistrates,

expressly declares "nothing herein contained shall prevent the institution or conduct of proceedings by private counsel before magistrates under the direction of the City and County Attorney." (Sec. 111, Par. 3.)

The cases cited by the defendant set forth reasons of public policy for requiring prosecutions to be conducted solely by attorneys officially authorized lest the dispassionate course suited to an official prosecution may degenerate into attempts to harass and annoy from motives of revenge or ill will rather than such as are supposed to actuate the course of a law officer whose official responsibility is measured solely by a desire to vindicate the majesty of the law.

But we do not consider that the statute presents any question for construction as to its meaning. The attorney general and his deputies are required to appear for the Territory in all public prosecutions and are responsible on their oaths of office for the performance of their duties without fee or reward. They cannot delegate the performance to private persons nor is this done by permitting an attorney employed by private persons to assist in trials. The attorney general does not thus relinquish his control over a case. It would be the duty of the court to restrain any exhibition of spite or any attempt at persecution on the part of counsel so engaged. The public conscience would quickly be aroused by any appearance of administering the criminal law for merely private ends. Juries would be prompt to show by their verdicts their sense of such misuse of public functions. Indeed, astute counsel would avoid the impression of trying to wreak private vengeance under the pretence of assisting in a fair and honorable prosecution of crime.

Whether a statute is desirable which shall prohibit the attorney general from obtaining or accepting the aid of attorneys to be paid for their services, either by the government or by private persons, may admit of grave doubt in view of the hitherto unquestioned practice; but the statute does not prohi-

bit the practice. It is one of the rights of attorneys to appear in all the courts of the Territory "in behalf of third persons who may choose to retain them for the prosecution or defense of actions civil, criminal or mixed" (Sec. 1700 R. L.), and while this does not authorize appearing in cases in which clients are not parties this statute appears to recognize the propriety of their being authorized to appear as assistant counsel for the prosecution.

The question submitted is answered in the affirmative.

*A. S. Humphreys* for the Territory.

*J. Lightfoot (Judd & Lindsay* also on the brief) for defendant.

*M. F. Prosser (W. A. Kinney* also on the brief) amicus curiae.