## A. B. DAVIS V. THE STATE.

No. 14440. Delivered June 8, 1932.
Rehearing Granted March 8, 1933.
Reported in 58 S. W. (2d) 87.

The opinion states the case.

C. C. McDonald, of Wichita Falls, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Operating under a search warrant, officers went to appellant's residence and instituted a search for intoxicating liquor. Appellant and his wife were in the house when the search started. After learning that they had a search warrant, appellant said to the officers: "Go right ahead." In the kitchen the officers found two empty pint bottles. One of these bottles had about a teaspoonful of whisky in it. In appellant's barn, which was near his residence, the officers discovered a half gallon of whisky and several empty half gallon jars, which the officers testified had contained whisky. They said they unscrewed the lids and detected the odor of whisky. The whisky in the barn was under some hay. Also, near the whisky, the officers found some corks. The officers testified that they found seventeen pints of whisky in the weeds twenty steps south of appellant's barn. Near appellant's toilet they discovered two fifteen or sixteen gallon kegs, which had contained whisky. The officers testified that the seventeen pints of whisky were in appellant's enclosure about twenty steps from his barn. At this point we quote the testimony of one of the officers as follows: "The bottles we found in the house and the seventeen pints were pint bottles. I tasted of the whisky that we found in the bottles. I couldn't tell any difference in it from the whisky we found in the barn and I would say it was practically the same whisky. I didn't taste of that in the house. I looked at it and smelled of the bottle. It was the same color and it smelled just like whisky. It smelled like the whisky we found in the barn and on the premises. It was colored like that we found in the barn and outside."

Appellant testified, in substance, as follows: The whisky found by the officers in the barn did not belong to him and he did not know it was there. The seventeen pints of whisky were found in an alley just off of his premises and he had nothing to do with them and did not know they were there. The only keg the officers found on his premises was in his barn. He had bought the place from one McDowell about five years ago. The keg and several jars found in the barn were in there when

he bought the place from McDowell. He did not know anything about any empty pint flasks in the barn, and had never seen any corks there. We went in and out of the barn all the time, as he used the barn for a garage; but he had not seen any cork or pint flasks in the barn. There was a soda-pop bottle in the house, with a little whisky in it, which belonged to a truck driver. He had theretofore been indicted in another case for the offense of possessing intoxicating liquor for the purpose of sale, but had been acquitted.

Appellant's witness Kennedy testified that shortly before the search of appellant's home Clem Crim and Mr. Jackson had been on a trade for some land and were fixing up the contract; that the parties were at his house, which was not far from appellant's home; that they had some whisky there which they were all drinking, except Mr. Bryant, the attorney who was drawing up the papers; that the whisky belonged to those interested in the contract; that he was going to leave for Corpus Christi as soon as they got through with the contract and that his nephew Homer Hill was going to move into his house while he was gone; that after the parties finished the contract, they left the whisky in his kitchen; that he did not want to leave the whisky in his house, so he placed the half gallon of whisky in appellant's barn; that he never did go back and remove the whisky before the search was made. Appellant's witness Clem Crim testified that a few days before the search he saw two men in an automobile in Mr. Kennedy's lot; that they had a bucket with them; that they went down the alley between Kennedy's and appellant's residences, below appellant's toilet toward the railroad; that he did not know who "these mysterious fellows were"; that he did not know what was in the bucket.

It is insisted by appellant that the testimony of his witnesses to the effect that the whisky in the barn did not belong to him, and his own testimony to the effect that none of the whisky found by the officers was his, met the presumption of a prima facie case, and entitled him to an acquittal. This contention cannot be sustained. The jury were warranted in rejecting appellant's testimony and that of his witnesses. See Harris v. State, 276 S. W., 266. We think the facts in the case of Hildebrand v. State, 29 S. W. (2d) 775, were no stronger than those reflected in the present record. In that case we upheld the judgment of conviction.

Bill of exception No. 1 presents the following occurrence: The county attorney announced to the court that he was not ready for trial. Appellant's counsel announced that he was

ready. The court then asked the county attorney if his witnesses were present, and he stated that they were, but that he did not want to try the case at that term of court. The court and the county attorney then went into an anteroom where they discussed the question as to whether the case should proceed to trial. Finally, the court advised the county attorney, in effect, that he was unwilling to continue the case. The county attorney stated to the court that he would not proceed with the prosecution. The court then advised the county attorney that he would appoint some other attorney to prosecute the case. It appears from the bill of exception that the county attorney believed that the jury for that term of court would not convict appellant, and he desired for that reason to continue the case. The court appointed Hon. J. S. Jameson, a member of the local bar, to prosecute the case. While the Hon. J. S. Jameson was striking the jury list, the county attorney appeared and stated that he wanted to prosecute the case. The court advised the county attorney that he might go ahead in the prosecution with the attorney he had named. It appears that the county attorney was unable to agree with counsel as to selection of the jury, and the court then advised the county attorney that inasmuch as he had first refused to prosecute the case and made it necessary for the court to appoint counsel, the Hon. J. S. Jameson would conduct the trial. The county attorney then requested the court to permit the assistant county attorney to sit in the prosecution of the case. The court agreed to this, and the assistant county attorney appeared and sat with the Hon. J. S. Jameson during the trial of the case, although he did not examine the witnesses or make an argument. We see no error in this matter. The assistant county attorney was present in the prosecution of the case. The fact that after appellant's counsel learned that the county attorney would not be in the prosecution, he sought to continue the case would not change the situation. The assistant county attorney was fully authorized under the law to prosecute the case. He was present at the request of the county attorney and sat through the trial of the case.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—If the testimony is under-

stood, it is as follows: No whisky was found in the appellant's dwelling. In his barn was found a half gallon of whisky. Knowledge of its presence there was denied by the appellant. Kennedy, a neighbor, testified that he had placed the whisky in the appellant's barn, and that he had not given him notice of that fact. It seems from the record that a railroad track was near the home of the appellant; that near the railroad track was a branch or a ravine in which there had grown up weeds and Johnson grass. Among the weeds and Johnson grass there was found a bucket containing seventeen pints of whisky. It is not made clear by the record whether this whisky was found within the enclosure of the appellant or out of it. Apparently the whisky was hidden in the weeds. Somewhere in the same neighborhood there was found a keg which had at some time contained whisky. In the barn there were were found a keg and some jars. Appellant accounted for the presence of the empty keg and jars in the barn with the statement that they were there when he bought the place some five years before. He denied knowledge of the seventeen pints of liquor or of the keg found in the same neighborhood. The appellant had been previously indicted in a liquor case but had been acquitted.

The evidence being wholly circumstantial, it is not regarded by the writer as sufficient to support the conviction. Apparently the most cogent fact against the appellant was the fact that a half gallon of whisky was found in his barn. This was accounted for. The evidence of an unimpeached and disinterested witness was such that, if true, the presence of the whisky in the barn was not imputable to the appellant. It was admitted by one of the officers, and is apparent from other testimony, that the locality of the bucket containing the whisky may not have been within the appellant's enclosure. In any event, it was remote from his house and was hidden in the weeds. There is no evidence that the appellant knew it was there save the circumstances that it was found in that locality. Appellant denied knowledge of its presence there when testifying in his own behalf.

The analogy between the testimony relied upon in cases of circumstantial evidence is difficult to identify due to the fact that the circumstances in each case are different. In the cases of King v. State, 234 S. W., 1107; Mathis v. State, 272 S. W., 204; Hester v. State, 262 S. W., 484; Bridwell v. State, 15 S. W. (2d) 12, and Heeter v. State, 281 S. W., 565, there are exhibited facts held to be insufficient when tested by the law of circumstantial evidence to support the conviction. They are of sufficient similarity to the facts before the court, in the

present appeal, to render them worthy of citation in support of the conclusion above stated, namely, that the evidence is not regarded such as pointing to the appellant as having committed the offense with that degree of certainty which excludes every other hypothesis save that of his guilt.

For the reasons stated, the motion for rehearing is granted, the order of affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*