Ralph Carl POWERS, Appellant,

v.

W. B. "Billy" HAUCK, Sheriff of Bexar County, Texas, Appellee.

No. 24946.

United States Court of Appeals
Fifth Circuit.

Aug. 5, 1968.

Samuel L. Egger, San Antonio, Tex., for appellant.

James E. Barlow, Crim. Dist. Atty., Preston H. Dial, Jr., Crim. Dist. Atty., San Antonio, Tex., for appellee.

Before TUTTLE and GEWIN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

Powers was convicted of murder with malice. The trial was before a jury upon a plea of not guilty. The jury returned a verdict of guilty and a sentence of death. His conviction was affirmed on direct appeal and state post-conviction remedies were denied. Execution has been stayed pending this appeal from the dismissal, after a hearing of his petition for a writ of habeas corpus.

After consideration, we find ourselves in full agreement with the findings and conclusions of the district court judge. That opinion is appended as an exhibit hereto and is adopted by this court.

■ However, subsequent to the filing of briefs and oral argument, the Supreme Court decided Witherspoon v.

State of Illinois, 1968, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, June 3, 1968. There, it was held that a death sentence cannot constitutionally be executed if imposed by a jury from which have been removed for cause those who, without more, are opposed to capital punishment or have conscientious scruples against imposing the death penalty. Here, unlike *Witherspoon,* the record contains no evidence concerning the number of veniremen, if any, who were excused because they had scruples against the death penalty, or if any were so excused, whether the challenges were based on "general objections to the death penalty or expressed conscientious or religious scruples against its infliction."[1] Therefore, we cannot determine whether *Witherspoon* invalidates the death sentence. Principles of comity and federalism, and the importance of the state having the first opportunity to interpret its own law and *Witherspoon's* application to it, dictate that these questions be presented first to the state courts of Texas. Of course, if those courts do not set aside the death sentence, *Powers* can return to the federal court for its independent judgment.

The matter is remanded to the District Court which will retain jurisdiction in order to continue the stay of execution. The District Court should retain the case on its docket and withhold further action to give the state courts an opportunity to consider the case and enter an appropriate order in light of the *Witherspoon* decision.

Remanded for further proceedings consistent with this opinion.

*EXHIBIT*

Filed Mar. 2, 1967, S. W. Hannah, Deputy Clerk, for Maxey Hart, Clerk, U. S. Court.

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION

RALPH CARL POWERS,

PETITIONER
Civil No. 66–93–SA

V.

W. B. "BILL" HAUCK, SHERIFF,

RESPONDENT

Samuel L. Egger, San Antonio, Texas; C. David Evans, San Antonio, Texas; and Leo Dougherty, San Antonio, Texas, ATTORNEYS FOR THE PETITIONER

James E. Barlow, Criminal District Attorney, San Antonio, Texas; Preston H. Dial, Jr., Criminal District Attorney, San Antonio, Texas; Honorable Waggoner Carr, Attorney General of Texas, Austin, Texas.

———◆———

1. Counsel for petitioner states in his brief that approximately one-third of the veniremen summoned in the instant case and chosen at random from the jury wheel had such strong feelings against the death penalty and conscientious scruples against it as to amount to a disqualification under the Texas Statutes which prohibited their serving on this jury. At the time of trial, its law provided that a juror could be challenged for cause if "the juror has conscientious scruples in regard the infliction of the punishment of death for crime." Tex. Code Crim.P.Ann., Art. 616.692, 673 (1941). The substance of this provision has been brought froward as Tex.Code Crim.P., Art. 35.16(b) (1).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

#### I.

(1) Ralph Carl Powers, Petitioner herein, was convicted in the 175th Judicial District Court of Bexar County, Texas, of the offense of murder with malice aforethought, the original sentence having been entered on the 27th day of January, 1966, in cause number S–63,928, after the case was reviewed and affirmed by the Court of Criminal Appeals of Texas on December 15, 1965. Powers v. State, 396 S.W.2d 389. A Petition for Certiorari was filed with the United States Supreme Court, and was denied on June 20, 1966, (384 U.S. 1027, 86 S.Ct. 1978, 16 L.Ed.2d 1046). Petitioner thereafter sought a writ of habeas corpus in the 175th Judicial District Court of Bexar County, Texas, which was denied on September 12, 1966. All State remedies have been exhausted, and Petitioner is being held in custody by Respondent.

#### II.

(1) Fred Semaan, a duly licensed and practicing attorney in San Antonio, who has been widely publicized in Bexar County as an outstanding criminal defense attorney, participated in all phases of the trial of the Petitioner as a special prosecutor, having been employed by the family of the deceased to prosecute the case. He was not appointed special prosecutor by the trial court; he did not take an oath as any public officeholder of the State of Texas; and he did not give a bond, or otherwise qualify as such officeholder. However, he participated in the actual trial of the case with the consent of the Criminal District Attorney and without objection from the defendant, but conducted no part of the prosecution outside of the presence of the Criminal District Attorney.

(2) The trial was conducted for the State of Texas by James E. Barlow, Criminal District Attorney of Bexar County, M. C. Gonzales, Assistant Criminal District Attorney of Bexar County, and Mr. Semaan as special prosecutor. In addition to presenting some of the evidence against the Petitioner, Mr. Semaan made the opening argument for the prosecution to the jury, in which he requested the death penalty.

#### III.

(1) The trial court's rejection of Petitioner's contention that the publicity accorded to this case so pervaded the community as to make an unprejudicial trial impossible, is fairly supported by the record as a whole.

(2) There was a large amount of publicity concerning this case prior to the trial from all local news media. This included coverage in the three local daily newspapers, the San Antonio Light, San Antonio Express and San Antonio News as well as news coverage on the local television and radio stations. This news coverage, beginning with the date of the commission of the offense, July 20, 1963, extended to the date of the trial on September 9, 1964.

(3) There is no evidence of probative value that the media involved acted irresponsibly or reported any information as news other than that considered to be the truth. There is no showing that the police, District Attorney, or special prosecutor released any information to the press relating to this case, which was designed to influence or contaminate the jurors to be selected to try the case. The jurors were sequestered after impanelment and there is no showing that they were permitted to make any phone calls, or that any publicity reached them after impanelment on the case. The jurors themselves were never made the center of publicity during the trial of the case.

(4) Each prospective juror was interrogated by the attorneys for both the prosecution and the defense concerning any matter that he or she had read or heard about the case, in accordance with the state statutes applicable, and all an-

swers were available, and the content of all answers was the subject of cross examination by both sides. The defense was never denied opportunity to fully examine all jurors with respect to any possible prejudicial effect that publicity may have had.

(5) There was no live television or radio coverage of this trial or any portion thereof. The Court was at all times in control of the representatives of news media in the courtroom and courthouse, and made no arrangements which deprived Petitioner of the judicial serenity and calm to which he was entitled.

### IV.

(1) The trial court's rejection of Petitioner's contention that the jurors arrived at their verdict by an unlawful agreement in violation of the law, and of the court's instructions, is fairly supported by the record as a whole.

(2) The trial court's rejection of Petitioner's contention that at least some of the jurors considered extraneous evidence prejudicial to Petitioner, is fairly supported by the record as a whole.

### CONCLUSIONS OF LAW

■ (1) The mere participation of a special prosecutor alone is not sufficient grounds to show a denial of due process, without some additional showing of a violation of the rules relating to prosecuting attorneys. 42 Am.Jur. 241, Prosecuting Attorneys; 27 C.J.S. District and Prosecuting Attorneys, p. 710; Bingham v. State, 1956, 163 Tex.Cr.R. 352, 290 S.W.2d 915; Phillips v. State, 1953, 159 Tex.Cr.R. 286, 263 S.W.2d 159; Loshe v. State, 1954, 160 Tex.Cr.R. 561, 272 S.W.2d 517, 520; Willis v. State, 1905, 49 Tex.Cr.R. 139, 90 S.W. 1101; Davis v. State, 1932, 123 Tex.Cr.R. 115, 58 S.W.2d 87, 88; Figueroa v. State, 1964, 375 S.W.2d 907 (Tex.Cr.App.).

(2) Article 326k–50, V.A.C.S., which confers upon the Criminal District Attorney of Bexar County, Texas, the powers, duties and privileges conferred upon County Attorneys, in addition to those conferred upon District Attorneys, thereby making it his exclusive duty to represent the State of Texas in all matters pending before the County and Justice Courts, as well as the District Courts of Bexar County, in and of itself does not prohibit the use of special prosecutors. But, in any event, the statute is a special and local law, and has no effect upon the constitutional rights of the Petitioner.

■ (3) There is no constitutional prohibition against the use of special prosecutors, and so long as the Criminal District Attorney retains control and management of the prosecution, the special prosecutor is not guilty of conduct prejudicial to the defendant, and the rights of the defendant are duly observed, no reason exists why such settled practice, in and of itself, should cause the reversal of a case. See Territory of Hawaii v. Chong Chak Lai, 1909, 19 Haw. 437, Ann.Cas.1912B, 657, citing cases in the annotation from California, Florida, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, New Jersey, North Dakota, Oklahoma, Texas, Utah, Vermont, Virginia, and Washington.

(4) The publicity involved in this case cannot be said to have resulted, as a matter of law, in any deprivation of Petitioner's right to a fair trial.

(5) Due process of law requires only that the final decision of the jury is the result of fair, free, and open discussion of the duly selected jurors, irrespective of whether the vote for the death penalty occurred Saturday night or Monday morning.

■ (6) The fact that the law of Texas provides for death as a possible punishment for the offense of murder with malice does not, in and of itself, or under the circumstances of this case, constitute cruel and unusual punishment, or deny equal protection of the laws.

(7) Petitioner having failed to show that his detention violates fundamental rights safeguarded against State action

by the Federal Constitution, the petition for writ of habeas corpus will be denied. Entered at San Antonio, Texas, this the 2nd day of March, 1967.

/s/ Adrian A. Spears
Adrian A. Spears
United States
District Judge