**Carl Junior HACKATHORN, Petitioner,**

v.

**J. E. (Bill) DECKER, Respondent.**

**Civ. A. No. 3–2893–C.**

United States District Court,
N. D. Texas,
Dallas Division.

May 8, 1970.

Phil Burleson, Abney & Burleson, Dallas, Tex., for petitioner.

John B. Tolle, Asst. Dist. Atty., Henry Wade, Dist. Atty., Dallas, Tex., for respondent.

## MEMORANDUM OPINION AND ORDER

WILLIAM M. TAYLOR, Jr., District Judge.

This is a habeas corpus case brought by Carl Junior Hackathorn. In 1963 Petitioner was convicted of murder with malice and sentenced to death. He now attacks that conviction and sentence on several grounds.

The first contention the Petitioner sets forth is that under the Supreme Court Opinion in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, he was deprived of the right to a fair trial. The basic holding in *Witherspoon* is "* * * that a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction." The Court points out that this is a narrow issue in that:

> "It does *not* involve the right of the prosecution to challenge for cause those prospective jurors who state that their reservations about capital punishment would prevent them from making an impartial decision as to the defendant's guilt. Nor does it involve the State's assertion of a right to exclude from the jury in a capital case those who say that they could never vote to impose the death penalty or that they would refuse even to consider its imposition in the case before them. * * *"

(Emphasis added.) p. 513 of 391 U.S., p. 1772 of 88 S.Ct., p. 780 of 20 L.Ed. 2d.

A footnote to the Opinion illustrates the reasoning of the Court. "The most that can be demanded of a venireman in this regard is that he be willing to *consider* all of the penalties provided by state law, and that he not be irrevocably committed, before the trial has begun, to vote against the penalty of death regardless of the facts and circumstances that might emerge in the course of the proceedings." 391 U.S. 522, 88 S.Ct. 1777, 20 L.Ed.2d 785, footnote 21. This same footnote points out that the holding does not render the conviction invalid, as opposed to the sentence, "* * * in this or any other case."

In the case at bar there is no record of the voir dire examination in 1963. The only evidence as to the questioning of the jury panel was presented by two witnesses. In 1968, at a state evidentiary hearing, Petitioner's trial attorney testified from memory and a few sketchy notes. He could not recall verbatim what was asked of any venireman. He did say that at least some of the panel were asked further probing questions after they expressed conscientious or religious scruples about returning a death sentence. As to who was asked the further questions, the content of the questions, or how many questions, the witness was very uncertain. When asked whether any veniremen who had an open mind as to sentencing were excused as jurors, the attorney said he could not recall but only had an opinion. He also testified that some of the jurors stated they could not return a death sentence under any circumstances.

The only other testimony came from a witness at a hearing before this Court. He was an assistant District Attorney who was present at the trial in 1963. His testimony revealed that he was satisfied that the veniremen were questioned extensively enough in attempting to find out their true feelings about the death penalty.

The Supreme Court in the *Witherspoon* case and other courts who have followed that ruling have had a record before them which specifically revealed the State Court proceedings during the voir dire examination. No record was made in Hackathorn's trial of the voir dire examination. In situations like this, Circuit Courts have remanded the cases and directed that the State Courts determine what went on during the voir dire examination. Powers v. Hauck, 399 F.2d 322 (5th Cir. 1968); Garrison v.

Patterson, 405 F.2d 696 (10th Cir. 1969). The case at bar has already been before the trial judge on a State writ of habeas corpus. He ruled that the voir dire examination was sufficient after the Supreme Court announced the *Witherspoon* opinion.

■ On the record now before the Court it is very difficult to ascertain what actually happened during the voir dire examination. The State Court Judge had the benefit of actually being present at the time of the trial. In addition to this, by the time he ruled on Petitioner's writ of habeas corpus the Judge had the *Witherspoon* case before him. This Court does not feel compelled to assume that the State Judge disregarded *Witherspoon* in ruling on the point in question and for this reason does not find that the State Court holding was clearly erroneous. It is therefore held that Petitioner's rights to a fair trial were not violated by the method used to pick the jury.

Petitioner's second contention is that his right to due process and equal protection under the Constitution of the United States was denied because the voluntariness of his confession was not tested in accordance with the standards set forth in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. Although this specific question was decided by the Fifth Circuit in Hackathorn v. Decker, 369 F.2d 150 (1966), Petitioner again raises it on the basis that subsequent Fifth Circuit holdings have reversed the case that was primarily relied on in the 1966 ruling.

■ The 1966 opinion in 369 F.2d 150 clearly states that the Jackson v. Denno principle was not violated by the Texas Court in Hackathorn's trial: "The procedure followed does no violence to the teaching of *Denno*." The Fifth Circuit's holding on the specific facts in this case is binding on this Court.

The third contention brought before this Court by Petitioner is that the three confessions introduced in the State Court trial were not properly admitted by the Trial Judge in that he did not apply the standard that such were voluntary beyond a reasonable doubt. Petitioner alleges that the actions of the Trial Judge were in violation of Jackson v. Denno.

In the earlier case of Hackathorn v. Decker, supra (1966), the Fifth Circuit said, after setting forth the steps taken by the Trial Court in admitting the confessions: "The procedure followed does no violence to the teaching of *Denno*." The Court went on to say "Appellant's only objections were leveled at the Court's conclusion that the confessions were voluntarily given. Upon a review of the evidence, we cannot say that the conclusion reached by the Trial Judge was in error. Appellant's constitutional right to due process of law, as delineated in Jackson v. Denno, supra, was amply protected under the procedure used by the Texas court in this case." This language clearly shows that the Circuit Court considered the admission of the confessions by the Trial Judge to be proper under the Jackson v. Denno guidelines. As in the prior contention, this Court is bound by that decision on these specific facts.

■ A review of the record made at the State Court habeas corpus hearing reveals that Petitioner was given ample opportunity to present his contentions to the Court. It is therefore held that Hackathorn was afforded a meaningful review by the State Court.

■ As for Petitioner's next assertion concerning the constitutionality of capital punishment, the Fifth Circuit case of Powers v. Hauck, 399 F.2d 322 1968) answers this question. The *Powers* case, like the one Hackathorn was involved in, was one involving a conviction for murder with malice aforethought. The Fifth Circuit held:

"The fact that the law of Texas provides for death as a possible punishment for the offense of murder with malice does not, in and of itself, or under the circumstances of this case, constitute cruel and unusual punish-

ment, or deny equal protection of the laws." p. 325.

For the foregoing reasons, the Writ of Habeas Corpus is denied.