### Alex Warren v. The State.

No. 792. Decided November 9, 1910.

Rehearing Denied, December 7, 1910.

**1.—Perjury—Accomplice—Other Transactions.**

In order to be an accomplice one must be connected in some way with the crime charged and under investigation; it is not sufficient that he may have been allied or connected with the defendant in some prior transaction even if such transaction were a violation of the law.

**2.—Same—Case Stated—Participants in Other Offense not Accomplices.**

Where the defendant was charged with perjury in deliberately giving false testimony in a gaming case, the participants in the game with the defendant would not be accomplices in defendant's trial for perjury in the absence of a conspiracy to commit perjury. Following Conant v. State, 51 Texas Crim. Rep., 610, and other cases.

Appeal from the District Court of Smith. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Gentry & Castle,* for appellant.—On the question of accomplice: Smith v. State, 22 Texas Crim. App., 196; id., 27 Texas Crim. App., 50; Wilson v. State, 27 Texas Crim. App., 47; Maines v. State, 26 Texas Crim. App., 14; Kitchen v. State, 29 Texas Crim. App., 45.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This is the second appeal of this case. The opinion on the former appeal will be found in the 57 Texas Crim. Rep., 518, where the substance of the facts is stated.

The sole question of any consequence in the case on this appeal relates to the failure of the court to give a special instruction to the effect in substance that the conviction could not be had upon the testimony of an accomplice unless corroborated by other evidence, and an instruction as to what constitutes an accomplice. It is also urged

that inasmuch as practically the only testimony in the case against appellant was that of the witnesses Ferguson, Williams and Clayton, that if they were accomplices, then since one accomplice could not corroborate another, under the terms of our perjury statute, the court should have instructed the jury peremptorily to have returned a verdict of not guilty. If these witnesses were accomplices, or if there was any testimony raising the issue, then it must result that the case should be reversed. While appellant makes an ingenuous and plausible argument to sustain this contention we think it unsound, and our judgment is clear that neither of the witnesses were accomplices in respect to the offense charged, as that term is used in our Code. Article 79, Penal Code, defines an accomplice as follows: "An accomplice is one who is not present at the commission of an offense, but who, before the act is done, advises, commands or encourages another to commit the offense; or who agrees with the principal offender to aid him in committing the offense, though he may not have given such aid; or who promises any reward, favor or other inducement; or threatens any injury in order to procure the commission of the offense; or who prepares arms or aid of any kind, prior to the commission of an offense, for the purpose of assisting the principal in the execution of the same." Now, in order to be an accomplice one must be connected in some way with the crime charged and under investigation. It is not sufficient that he may have been allied or connected with a defendant in some prior transaction, even if such transaction were a violation of the law. It is not contended or claimed in this case that either of the witnesses named above conspired, confederated or in any way acted with appellant in the commission of the perjury, which is the foundation of this prosecution and conviction. On the other hand, on the trial in which he gave the testimony forming the foundation of this case, they were hostile to him and gave testimony directly contradictory to his own. It would appear from their testimony that they were participants in the game, months before the trial in which he denied on the stand, being at all concerned. Now, the crime here charged consisted in giving false testimony deliberately and corruptly in the County Court on the trial of the gaming case against him. Were these witnesses accomplices in that act? If they were, the court should have given in substance the charge requested by counsel. If they were not, then no such instruction should have been given. Our conclusion is that they were not accomplices, and that the court not only did not err in not instructing the jury on this question, but that he was without authority so to do. Nor do we think that any of the authorities cited by appellant sustain this conclusion. In the case of Barrara v. State, 42 Texas, 260, it appeared that the witness Amado Lerma had been indicted as one of the murderers of John F. Morton, with whose death Barrara in that case was charged. In that case clearly Lerma was an accomplice in that he was connected

with the crime and offense for which Barrara was then on trial. In the case of Beach v. State, 32 Texas Crim. Rep., 240, the rule of accomplice's testimony was applied, but in that case Judge Simkins, speaking for the court, says: "That Thompson was an accomplice to the *act* of perjury. The evidence of Thompson was that as soon as he came to town Lute Beach met him, told him he had issued a subpoena for him, and he must keep out of the way until he got his case continued; that he did not know defendant was going to make the application for a continuance and swear to it." In the still later case of Conant v. State, 51 Texas Crim. Rep., 610, the relation of accomplice in perjury cases received pretty full discussion by this court, but in that case an inspection of the evidence will show that Prather, who was the chief witness against Conant, had conspired and confederated with him to give false testimony in the case, and to the same effect in substance as Conant's testimony. This will fully appear by reference to the following rather lengthy quotation from the opinion in that case, rendered by Judge Davidson, our presiding judge: "Prather was regarded by the State as a very important witness, and his testimony is to the effect that before the trial of Rice for homicide he, his brother Ed and appellant entered into a conspiracy to swear to a case of self-defense for Rice; at least he stated substantially that before the trial they had a written statement of evidence, which was prepared by his brother Ed, and that himself and appellant, from this written statement, prepared themselves to and did swear in behalf of Rice on the trial, and that he was to receive money for so swearing, and did receive some of the stipulated sum promised; that, among other things, they were to swear that on the night of the killing of Phelan by Rice they were at the saloon where the homicide occurred just prior to its occurrence; that they saw Rice come into the saloon and invite Phelan, who was behind the bar, to take a drink, and that Phelan insultingly declined, which brought about a colloquy, ending in the final tragedy. That Phelan got a pistol, came from behind the bar, and a difficulty ensued, in which Rice took Phelan's life; that he so testified on the trial of Rice, and after so doing became conscience stricken, returned and informed State's counsel that his testimony was fabricated and false; that he had committed perjury in swearing as he did in behalf of Rice, and he swore upon the trial of appellant that he did so commit perjury. This places Prather strictly within the rule of an accomplice to perjury on Rice's trial. When he, appellant and Ed Prather entered into the conspiracy to testify to facts agreed upon and then executed that conspiracy, by testifying to the facts so agreed upon, he committed deliberate perjury, and under his testimony he then became guilty of three felonies, a conspiracy to commit a felony, accepting a bribe to swear falsely in pursuance of that conspiracy, and the subsequent perjury upon the trial of Rice. Under this condition of things the witness Prather was not only discredited by

being an accomplice, and, therefore, not a credible witness, but he deliberately swears to the fact that he was not only a conspirator to commit that perjury in addition, but that he did commit the perjury and that he received money for testifying falsely. The court should have informed the jury that under the law the witness Prather was *not a credible witness and could not be so considered by them.*" We think that no case can be found which would hold that participancy in some transaction, though itself a crime out of which the false testimony grew, but removed from it in point of time many months and in which the parties claimed to be accomplices, had no part or parcel, would be an accomplice. Believing that on this important question counsel are in error and that the trial court was correct, we think the case must be affirmed, as is now done.

*Affirmed.*

McCord, Judge, not sitting.
[Rehearing denied December 7, 1910.—Reporter.]