Mrs. J. B. Liegois v. The State.

No. 3009.  Decided February 25, 1914.

**1.—Permitting Bawdy House—Lessee—Accomplice.**

Where defendant was prosecuted and convicted as the lessee of a house which she knowingly permitted to be kept as a bawdy house, there was no error in the court's failure to charge on accomplice testimony where the witness for the State was simply an inmate of said house and a tenant of one of the rooms furnished her by the defendant, and this even if she kept a disorderly house.

**2.—Same—Rule Stated—Accomplice.**

The general test by which to determine whether one is an accomplice is the inquiry, could such person be indicted and punished for the crime for which the accused is being tried, and where the State's witness could not be prosecuted and convicted of the offense for which defendant was tried, she was not an accomplice and there was no error in the court's failure to charge on accomplice testimony.  Following Peeler v. State, 3 Texas Crim. App., 533, and other cases.

**3.—Same—Evidence—Bills of Exception.**

Upon trial of knowingly permitting a house to be kept as a bawdy house, testimony that certain women were inmates of said house and which tended to show that they were prostitutes and defendant was aware of that fact was properly admitted in evidence; besides, the bills of exception were defective.

**4.—Same—Requested Charges.**

Where one of the requested charges was covered by the court's main charge and another was not the law, there was no error in refusing them.

Appeal from the County Court of Wichita.  Tried below before the Hon. C. B. Felder.

Appeal from a conviction of knowingly permitting to be kept a bawdy house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*W. F. Weeks,* for appellant.—On question of accomplice:  Stone v. State, 22 Texas Crim. App., 185.

*C. E. Lane,* Assistant Attorney-General, and *T. R. Boone,* county attorney, for the State.—Cited cases in opinion.

HARPER, Judge.—Appellant was prosecuted and convicted as a lessee of a house which she knowingly permitted to be kept as a bawdy house.

The evidence would show that J. H. Weideman was the owner of what is known as the Gem rooming house in Wichita Falls, and he leased it to appellant for twelve months at $45 per month, and then at $47.50 per month.  Appellant furnished the rooming house, and let it to various tenants at the rate of $30 per week, one of her tenants being Mrs. Jessie Miller.  The State used Mrs. Miller as a witness, and she testified to renting the place from appellant, and then by Mrs. Miller's testimony and the testimony of other witnesses sought to prove that the house was

run as a bawdy house during Mrs. Miller's occupancy. Appellant insists that this made Mrs. Miller an accomplice in law, and the court erred in not so instructing the jury at his request. In the American & English Enc. of Law, the rule is said to be: "The term 'accomplice' signifies in law a guilty associate in crime, and is strictly defined as one who is associated with others in the commission of a crime, all being guilty. The general test by which to determine whether one is an accomplice is the inquiry, could such person be indicted and punished for the crime for which the accused is being tried? If he could be indicted and punished he is an accomplice, otherwise he is not an accomplice." Tested by this rule Mrs. Miller is not an accomplice of appellant, for she could not be prosecuted and convicted of the offense for which appellant was tried. A great number of cases are cited by the Encyclopedia, among which are Peeler v. State, 3 Texas Crim. App., 533; Ham v. State, 4 Texas Crim. App., 645; Watson v. State, 9 Texas Crim. App., 237; Lawrence v. State, 35 Texas Crim. Rep., 114; Hamilton v. State, 36 Texas Crim. Rep., 372; Parker v. State, 40 Texas Crim. Rep., 119; Stone v. State, 47 Texas Crim. Rep., 575,—the case against Stone being a bawdy house case, and this court holds in that case: "The testimony shows that the witness was an inmate of the house and appellant was the owner, and manager and controller. Hence the witness could not be an accomplice, since a prosecution would not lie against her under the indictment here presented." It is true that Mrs. Miller might be prosecuted and convicted for keeping and running a disorderly or bawdy house, but this was not the offense for which appellant was being prosecuted. Appellant could not be convicted for keeping and running the house; neither could Mrs. Miller have been convicted for the offense for which appellant was being prosecuted. They both perhaps committed offenses against the law, but separate and distinct offenses.

There are two bills of exception in the record in regard to the introduction of testimony, but they are so vague and indefinite we could not pass on the questions sought to be presented without turning to the statement of facts, and by so doing we find the court committed no error. Mrs. Miller and Elizabeth Miller were inmates of the house in question, and any legitimate testimony which tended to show that they were prostitutes and appellant was aware of that fact was properly admitted.

Special charge No. 1 was fully covered by the court's main charge, while charge No. 2 is not the law and should not have been given.

The judgment is affirmed.

*Affirmed.*