A. S. Burgess v. The State.

No. 5889.    Decided October 13, 1920.

Rehearing granted November 10, 1920.

1.—Bigamy—Indictment—Venue—Motion to Quash Indictment.

Where, upon trial of bigamy, the defendant presented a motion to quash the indictment because the same contained no sufficient allegation that the alleged bigamous marriage took place in the county of the prosecution. but the record showed that defendant's contention was incorrect, there was no reversible error.

2.—Same—Evidence—Accomplice—Charge of Court—Question of Fact.

Where, upon trial of bigamy the testimony showed that the defendant on the day of the alleged bigamous marriage informed the woman whom he married that he was already married, the court should have submitted a charge on accomplice's testimony as applicable to such female, as knowledge of the fact on her part made her a principal, and whether she had such knowledge is a question of fact for the jury. Following Burton v. State, 51 Texas Crim. Rep., 202, and other cases.

**3.—Same—Evidence—Practice in District Court—Declarations by Defendant.**

Where, the State's witness had already testified without objection that the defendant, while in jail, stated that he did not know why he married his first wife, there was no error in overruling an objection to similar testimony thereafter, as this was harmless error.

**4.—Same—Evidence—Former Statement of Prosecutrix—Order of Evidence.**

Where, on cross-examination by the defendant of the alleged second wife, he handed to her a paper and asked if she had not signed the same, which she admitted, whereupon he offered the contents of the paper in evidence, to which the court sustained an objection, but notified him that he might offer it later when it became material, there was no reversible error, as he should have offered the document in evidence at the proper time; besides, the defendant took no further notice of the document thereafter.

**5.—Same—Evidence—Self-Serving Declaration.**

Upon trial of bigamy, statements by the defendant to his first wife with reference to the second marriage were self-serving and inadmissible in evidence.

**6.—Same—Theory of Defense—Burden of Proof.**

Where, upon trial of bigamy the defendant claimed that he was unconscious at the time of the second marriage and that he knew nothing of it, the court correctly charged the jury that the burden of establishing such defense was upon defendant.

Appeal from the District Court of Johnson. Tried below before the Honorable O. L. Lockett.

Appeal from a conviction of bigamy; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays, Simpson & Moore, John Russell* and *W. E. Myres,* for appellant.—On question of accomplice: Bryan v. State, 63 Texas Crim. Rep., 200; Burton v. State, 51 id., 198.

On question of declarations by defendant to his former wife: Blake v. State, 38 Texas Crim. Rep., 384; Porter v. State, 215 S. W. Rep., 210; Upton v. State, 48 Texas Crim. Rep., 294.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of excluding written statement of second wife: Miller v. State, 144 S. W. Rep., 240; Denning v. State, 100 id., 401.

LATTIMORE, JUDGE.—Appellant was convicted of the offense of bigamy, in the District Court of Johnson County, and his punishment fixed at three years confinement in the penitentiary. The facts will sufficiently appear in the opinion.

When the case was called for trial, a motion was presented, asking that the indictment be quashed, which motion was granted as to the first count, but overruled as to the second count in the indictment.

It is now urged that said second count is bad. Same appears to be as follows: "And the grand jurors aforesaid, upon their oaths aforesaid, do further present in and to said court that on or about the 28th day of March, A. D. 1919, and anterior to the presentation of this indictment, one A. S. Burgess in the County of Johnson and State of Texas, was then and there a person who had theretofore married Ethel Brister, who was then and there his lawful wife and was then living, and while so married and while she was alive, he, the said A. S. Burgess, did on the 28th day of March, A. D. 1919, aforesaid, marry another woman, to-wit, did marry Josie Evans, against the peace and dignity of the State."

The claim is that this count contains no sufficient allegation that the alleged bigamous marriage took place in Johnson County. The unsoundness of this contention appears from an inspection of said count, which charges that "A. S. Burgess, in the County of Johnson, and State of Texas . . . did on the 28th day of March, A D. 1919, aforesaid, marry . . . Josie Evans." We think this objection is not well taken. ·

Appellant testified that before he married Josie Evans, he informed her that he was a married man. Based on this testimony, he asked the trial court to charge the law of accomplice testimony, as applicable to Josie Evans. The trial court correctly refused said request. This Court has often held that one is not an accomplice who cannot be prosecuted for the offense with which the accused is charged. Liogois v. State, 73 Texas Crim. Rep., 142, 164 S. W. Rep., 382, and cases cited. It goes without saying that Mrs. Evans could not be prosecuted for the offense of bigamy, she not having a lawful spouse then living.

Appellant made a statement to Mrs. Evans while in jail, to the effect that he did not know why he married "that woman," referring to his first wife. To testimony of such statement, objection was made upon the ground that appellant was in jail at the time such statement was made to Mrs. Evans. It appears in the record, and is referred to in the court's qualification to this bill of exception, that Mrs. Evans had testified without objection to this same statement in a prior part of her testimony. In such case, the error of its subsequent admission over objection, would be harmless.

It is also claimed as error that appellant was not allowed to introduce a statement which the prosecutrix had signed, which statement, it is claimed, tended to contradict and impeach the testimony of the prosecuting witness. An examination of the bill of exceptions and the record discloses that while the State was introducing its testimony, and making out its case, the appellant, cross-examining said Mrs. Evans, handed to her a paper, and asked her if that was not her signature, which fact she admitted; whereupon appellant offered the contents of the paper in evidence. Upon objection, the trial court refused to permit the introduction of said paper, but notified appellant

that he might re-offer it later when it became material. No further effort was made on the part of appellant to introduce said document when he came to introduce testimony in support of his defense; nor was the same referred to by him in any way when he took the stand as a witness. Manifestly the document was not admissible over objection while the State was making out its case, and if appellant desired the same to go to the jury, as he undoubtedly had the right to do upon the admission of her signature by the prosecuting witness. he should have offered said document as a part of his defense. Mr. Wigmore, in his valuable work on Evidence, says: ''(4) The proper time for reading the letter to judge and jury is, in the absence of special considerations, the time when the cross-examiner comes to put in his own case.'' In sustaining the objection to this evidence when offered, the trial court informed appellant that he could re-offer the same later.

The offered testimony of Mrs. Burgess. the first wife of appellant, as to statements made by him to her after the alleged bigamous marriage with Mrs. Evans, was as to self-serving declarations of appellant, and was not admissible.

The defense being that appellant was rendered unconscious by partaking of some kind of liquid on the morning of the day when the said bigamous marriage took place, and that he knew nothing of the same. the trial court did not err in telling the jury that the burden of establishing such defense was upon appellant.

This disposes of all the contentions made, and no error appearing, the. judgment will be affirmed.

*Affirmed.*

ON REHEARING.

November 10, 1920.

LATTIMORE, JUDGE.—In his motion for rehearing, appellant urges with much force, that we erred in holding correct the action of the trial court in refusing to charge on accomplice testimony as applicable to Mrs. Evans, with whom the alleged bigamous marriage was charged, and after a careful examination of the authorities to which our attention is called, we have concluded that appellant's position is well taken.

It was testified by appellant that before he went to Cleburne with Mrs. Evans, on the day of the alleged bigamous marriage, he informed her that he was already married. This fact, if true, would call for a charge on the law of accomplice testimony, substantially as requested by appellant. Mr. Wharton, in his work on Criminal Law, 11th Ed., Secs. 2018 and 2019, says: ''To bigamy, as to all other offenses, applies the law of principal and accessory . . . Where the offense is a felony, then one present, knowingly aiding and abetting, even as

a party, is a principal . . ." . . . "If this view be correct, a person who, knowing that fact, marries another who has another husband or wife then living, is a principal in the bigamy."

If Mr. Wharton is correct, and it must be conceded that no authorities holding to the contrary are before us, then Mrs. Evans, if she knew that appellant was married before she entered into said bigamous relation with him, would come under the provisions of our law relative to accomplice testimony, when she became a witness in the case. Whether she did know such fact, or was informed thereof, is a question for the jury under appropriate instruction. The cases of Burton v. State, 51 Texas Crim. Rep., 202, and Bryan v. State, 63 Texas .Crim. Rep., 200, cited by appellant, while not directly in point, seem to indicate that the views of the court in those opinions coincide with the law as herein announced.

For the reasons stated, the motion for rehearing is granted, and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*