CLEM BRYCE v. THE STATE.

No. 18041.   Delivered March 18, 1936.
Rehearing Denied April 22, 1936.

The opinion states the case.

*Art Schlofman,* of Dalhart, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is breaking into jail to aid a prisoner to escape; the punishment, confinement in the penitentiary for four years.

Wanda Lee Dickens was a prisoner in the jail of the city of Dalhart. According to her testimony, appellant and Joe Duffield came to the jail on the 31st of January, 1935, and asked her if she wanted out. She answered "Yes." Appellant and Duffield then broke into the jail and released her. All of the parties then went to a tourist camp.

Appellant did not testify.

It is appellant's contention that the witness Wanda Lee Dickens is an accomplice as a matter of law and that the conviction must be reversed for the failure to corroborate her. He bases such contention on the fact that the witness, when asked by appellant if she wanted out of jail, replied that she did. We are unable to reach the conclusion that such statement placed the witness in the category of an accomplice. One incarcerated in jail, who merely accepts the means provided by one outside to effect his escape, is not an accomplice witness. Peeler v. State, 3 Texas App., 533; Veal v. State, 120 S. W., 173; Lagow v. State, 210 S. W., 211.

It was proper for the court to enter an order directing the district attorney to correct the indictment when it was suggested that appellant's name was incorrectly stated therein. Appellant contends that the indictment was not corrected as directed by the court, and directs our attention to the original transcript. There is on file a supplemental transcript in this court showing that the indictment was corrected in due time pursuant to the order of the court. Evidently it was incorrectly copied in the original transcript. It is noted that in one of appellant's bills of exception it is certified that said indictment was amended to show appellant's correct name.

We think appellant's request to the court to instruct the jury to return a verdict of not guilty was properly denied. In our opinion the evidence is sufficient to support the judgment of conviction.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for rehearing, urging that we should have held it reversible error for the court below to submit to the jury the question as to whether

witness Wanda Dickens was an accomplice,—and also for him to refuse to hold as a matter of law that she was such accomplice. We see no reason, after inspecting the record and reviewing appellant's motion and the authorities cited therein, for changing our opinion.

The offense charged herein is breaking a jail. The proof showed that by physical force applied to the building appellant and another broke said jail. The only fact in any way implicating the Dickens woman, who was used as a witness by the State, was that she was in said jail, and when hailed by appellant and his companion, who were on the outside, and asked if she wanted to get out, she replied in the affirmative, and after they had broken the jail she in fact did make her escape therefrom. She gave no directions, assistance or advice during the breaking or in order to effect same. She was not shown to be an accomplice in any way known to the law, and in our opinion the court was liberal to appellant when he submitted the question as to her being an accomplice to the jury.

The Lagow case, cited in our original opinion, the Liegois case, 73 Texas Crim. Rep., 143, as well as the Peeler case, also cited, and others are clear on the point that one in the jail who takes no part in the delivery or break, but profits only by escaping therefrom,—is not an accomplice. Appellant cites Hillian v. State, 8 S. W., 834, an opinion by the Supreme Court of Arkansas. The facts in that case showed without dispute that the witness Stephens, upon whose testimony conviction was had, helped to make the hole in the ceiling of the jail through which the escape was effected, and held the light to enable others to work at said opening, and was thus clearly an accomplice, and the case was properly reversed for failure of the trial court to submit to the jury the question of his being an accomplice. We see nothing in the case furnishing support to appellant's contention.

The mere fact that when appellant, from outside the jail, called to Wanda Dickens, an inmate of same, and asked her if she wanted to get out, and she said she did, but thereafter did nothing and said nothing in aid or encouragement of the breaking,—would not make her an accomplice within the comprehension of Arts. 70 and 71 of our Penal Code. Whether the woman meant by her statement that she "Wanted to get out," —that she wanted to make bond, or wanted to pay a fine, or get out in any other way, is bare of explanation by the record, and getting out in any of these ways would appear to be within the scope of what she said. It would be altogether an unwar-

ranted inference to attempt to give to her language any inter-pretation that she thereby originated or suggested the idea of breaking the jail.

We have carefully examined appellant's attack upon the second count of the indictment, but are unable to believe that any ground exists or can be found for same. It is very clear that appellant was originally indicted under the name of Price, and that when his case was called he himself suggested that his name was Bryce, and that it was changed in response to his suggestion.

Being unable to agree with appellant, the motion for rehearing is overruled.

*Overruled.*