RAYMOND HART V. THE STATE.

No. 18171. Delivered April 8, 1936.

The opinion states the case.

*R. H. Good* and *James Patteson,* both of Cooper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of assault with intent to rob, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The testimony adduced by the State is, in substance, as follows: On the night of April 7, 1935, at about nine o'clock some person knocked on the rear door of the home of Jim Bond. The knocking attracted Mr. Bond's attention and he went to the door which lead to a porch. Before he opened the door he switched on a light, which hung suspended from the ceiling, and this lighted the entire rear end of his home. When he opened the door he saw a person with an old overcoat on, an old towel partly over his face, and a pistol in his hand pointing toward Mr. Bond. Mr. Bond inquired of his unwel-

come visitor what he wanted, to which he received the following reply, "I want your money." Mrs. Bond heard that something was wrong and rushed to the aid of her husband and said, "Here, take this gun," whereupon the would-be robber fled. The officers were immediately notified of the occurrence and were furnished with a description of the party who attempted to rob Mr. Bond. From the description given to the officers they went to the home of the appellant and his mother. They inquired of her if appellant was in the house, to which she, the mother, replied, "No; that he was not there." They asked permission to investigate and their request was granted. They found appellant in bed, his shoes on the floor, his pants and overcoat on a chair, an old towel in the pocket of his overcoat. The shoe which he wore on his left foot was minus a heel and the heel on the other shoe was considerably worn on one side. An investigation of Mr. Bond's premises the next morning disclosed some tracks that were made by the unwelcome visitor and these tracks showed that the one made by the shoe worn on the left foot had no heel and the one made by the right shoe had a heel that showed considerable wear on one side. Appellant was taken to the home of Mr. Bond the next morning and was identified by Mr. Bond as the person who pointed the pistol at him and demanded his money. He also positively identified the appellant at the trial and stated he saw appellant pass his home about one half hour before sundown on the afternoon of April 7th prior to the time of the alleged offense.

By bill of exception number one appellant complains of the action of the trial court in declining to submit to the jury his special requested instruction not to consider, for any purpose, the testimony of Mrs. Bond to the effect that in her opinion the defendant was the person who attempted to rob her husband. The court qualified said bill and in his qualification states that no objection was made to the testimony when it was offered. The bill as thus qualified fails to show any error.

By bill of exception number two appellant complains of the action of the trial court in declining to give to the jury his special requested instruction not to consider the testimony of L. B. Carrell, as to what Oscar Scott told him, because the same was hearsay. The court qualified this bill and in his qualification states that no objection was made to said testimony when offered, that the defendant himself testified to the same facts. The bill as thus qualified fails to disclose any error. See Sparkman v. State, 82 S. W. (2d) 972; Enix v.

State, 112 Texas Crim. Rep., 376; Wagner v. State, 109 S. W., 169; Burgess v. State, 225 S. W., 182.

By bill of exception number three the appellant complains of the action of the trial court in declining to submit to the jury his special requested instruction on the law of circumstantial evidence. This bill is qualified by the court and in his qualification states that Mr. Bond, the victim of the attempted robbery, positively identified the defendant as the person who attempted to rob him. The testimony supports this qualification. Therefore the court did not err in declining to submit said charge. The identification of appellant by Bond took the case out of the realm of circumstantial evidence.

By bill of exception number four appellant complains of the action of the trial court in declining to submit to the jury his special requested instruction not to consider, for any purpose, the testimony of Lloyd Blakenship to the effect that he blindfolded Raymond Hart the next morning, put an overcoat on him and after he had done so Mr. Bond said that the appellant was the "nigger" who attempted to rob him. The court qualified said bill and in his qualification states that no objection was made to the testimony when offered. Besides the same testimony was given by other witnesses without objection. The bill as thus qualified fails to disclose any error.

By bills of exceptions numbers five and six appellant complains of the action of the trial court in declining to submit to the jury his special requested instruction on the law of an alibi. An inspection of the court's charge discloses the fact that the court fully instructed the jury with reference thereto.

The matters complained of in bill of exception number seven are fully covered in the court's main charge and there was no need or necessity for further instructions therein couched in somewhat different langauge.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.