**Charles E. HAYSLIP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46972.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Jerry J. Lofiin, Fort Worth, for appellant.

Tim Curry, Dist. Atty., E. E. Bates, R. C. H. Eddins and R. W. Crampton, Asst.

Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant was convicted of sale of a dangerous drug, to wit: lysergic acid diethylamide, with punishment being assessed at ten (10) years in the Texas Department of Corrections.

The appellant does not challenge the sufficiency of the evidence. Suffice it to say the undisputed evidence reflects that at approximately 11:20 p. m. on October 28, 1971, undercover narcotic agent Jimmy Sturdevant, while in the presence of narcotic agent Terry Davis, both of the Texas Department of Public Safety, purchased ten capsules of "LSD" from the appellant at his residence located in Fort Worth.

In his first ground of error appellant contends the indictment is fundamentally defective in that it does not charge an offense since lysergic acid diethylamide is not described therein as a "dangerous drug."

The first count of the indictment charged that the appellant "did then and there unlawfully sell to Jim Sturdevant, an hallucinogen, to-wit: Lysergic Acid Diethylamide . . . ." The second count of the indictment charged possession of "an hallucinogen, to-wit: Lysergic Acid Diethylamide." Conviction was had upon the first count.

No motion to quash the indictment on the ground now urged was made. Recognizing that it represents the converse of the instant situation, the appellant relies upon Hart v. State, 396 S.W.2d 873 (Tex. Cr.App.1965). There, the complaint and information charged possession of "a dangerous drug" without further description. The court in *Hart* found the accusatory pleadings to be fundamentally defective in that the pleadings did not inform the accused of the type of dangerous drug he was alleged to have possessed so that he might prepare a defense thereto.

Article 726d, Sec. 2(a), Vernon's Ann. P.C., under which prosecution was conducted provides in part:

"Sec. 2. For the purposes of this Act:

"(a) The term 'dangerous drug' means . . . and includes the following:

"(1) . . .

"(2) . . .

"(3) Hallucinogens, including . . . lysergic acid diethylamide . . . ."

In Santos v. State, 122 Tex.Cr.R. 69, 53 S.W.2d 609 (1932), this court said:

". . . We think an indictment sufficient which charges, as in this case, that the accused possessed marijuana, *and that there need be no allegation, where a specific drug is named,* the possession of which is forbidden by statute, that same was a narcotic drug." (emphasis supplied)

By the same reasoning we hold that the indictment in the instant case is sufficient wherein it charges that the appellant sold "a hallucinogen, to-wit; Lysergic Acid Diethylamide . . . ." the possession of which is forbidden by statute even though specific drug named is not further described as "a dangerous drug."

Appellant's first contention is overruled.

Appellant further complains there "is a fatal variance between the indictment and the court's charge."

While some of appellant's argument is based on the fact that the second count charged possession of lysergic acid diethylamide, that count was dismissed prior to trial, and the case was submitted to the jury on the first count.

If it be appellant's contention that, as it appears, the indictment charged sale

and the court's charge defining sale also referred to "deliver," then we note that such charge appears in conformity with Article 726d, Vernon's Ann.P.C.

 Further, no objection was addressed to the court's charge nor were there any special requested charges. Nothing is thus presented for review. See Articles 36.14 and 36.15, Vernon's Ann.C.C.P. See also Article 36.19, Vernon's Ann.C.C. P., and Jefferson v. State, 487 S.W.2d 331 (Tex.Cr.App.1972).

In light of the undisputed testimony as to the sale and delivery of the capsules to the undercover agent, we fail to see how appellant was harmed.

His contention is overruled.

Appellant further complains of the State's failure to corroborate the narcotic officer's testimony regarding the instant offense.

This ground of error is not briefed, does not assign any reason why the court was in error and is not set forth in such a way that the contention can be clearly identified and understood by the court. Error has not been properly assigned as required by Article 40.09, Sec. 9, Vernon's Ann.C.C.P. See Nichols v. State, 474 S. W.2d 205 (Tex.Civ.App.1971), and cases therein cited.

Further, if it be appellant's contention that the undercover agent was an accomplice witness, then attention is directed to those holdings that an undercover agent is not an accomplice witness so long as he does not bring about the crime, but merely obtains evidence to be used against those engaged in the traffic. See, e. g., Alexander v. State, 168 Tex.Cr.R. 288, 325 S.W. 2d 139 (1959); Jones v. State, 427 S.W.2d 616 (Tex.Cr.App.1968); Ochoa v. State, 444 S.W.2d 763 (Tex.Cr.App.1969); Burns v. State, 473 S.W.2d 19 (Tex.Cr.App. 1971); Lewis v. State, 488 S.W.2d 740 (Tex.Cr.App.1972).

We also observe that the court charged on entrapment, which defense was rejected by the jury's verdict.

In his third ground of error the appellant urges the court erred in admitting testimony of extraneous offenses.

The record reflects the testimony of narcotic agent Davis that he knew the appellant was "involved in narcotic trafficking" and that the appellant inquired if Davis liked the "acid" the appellant sold him on the previous day, etc. Since no objection was made to this testimony, nothing is presented for review. See Cotton v. State, 500 S.W.2d 482 (delivered October 17, 1973); Verret v. State, 470 S.W.2d 883 (Tex.Cr.App.1971); Smith v. State, 437 S.W.2d 835 (Tex.Cr.App.1968); Klein v. State, 384 S.W.2d 872 (Tex.Cr.App.1964).

The judgment is affirmed.