**Witmer Jean BALLARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48570.**

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

On Rehearing Feb. 5, 1975.

Rehearing Denied March 19, 1975.

Bobby R. Bearden, Midland, Charles P. Bubany, Lubbock, on appeal, for appellant.

R. H. Moore, III, Dist. Atty. and Guilford L. Jones, Sp. Prosecutor, Big Spring, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

After changes of venue had been made from Glasscock County to Midland County and then from Midland County to Brewster County, the appellant was convicted for the offense of murder. The jury assessed the death penalty, but through executive clemency the death penalty was commuted to life imprisonment. In four grounds of error the appellant argues that reversible error was committed in failing to instruct the jury on the law of accomplice testimony, in admitting into evidence statements he had made to a psychiatrist, in permitting a special prosecutor to participate in

the prosecution, and in denying him a fair trial because of "an accumulation of errors and irregularities."

First, we will consider the complaint that the trial court committed reversible error in failing to charge the jury that Thomas L. Dempsey, a State's witness, was an accomplice witness as a matter of law, or, in the alternative, in failing to instruct the jury on the law of accomplice testimony so that it might decide as a fact issue whether Dempsey was an accomplice witness.

The appellant was charged with the murder of Stephen Currie. Currie was killed on December 2, 1970, in his ranch home by a shotgun blast fired by an unidentified masked man. Several items were taken from the home by the masked man, who under the State's theory of the case was the appellant. One of the items taken was a woman's large marquise diamond ring. The appellant on December 9, 1970, traded the marquise diamond ring to Dempsey, a jeweler, for a man's ring and four hundred dollars in cash. The man's ring and the four hundred dollars had a value of less than one-half of the value of the marquise diamond ring. Dempsey took the diamonds out of the mounting, and in his private airplane he flew to Dallas where he traded the marquise diamond for other diamonds. When officers investigating the murder first approached Dempsey and asked him about the marquise diamond ring he said that he knew nothing about it. The second time the officers questioned Dempsey about the ring he admitted he had received the ring from the appellant. Dempsey testified he did not know the ring had been stolen.

We are not presented here with the question of whether Dempsey would be an accomplice witness in the trial of the appellant for acquiring the diamond ring by committing the offense of robbery or theft. The question is whether Dempsey was an accomplice witness in the appellant's trial for murder. Since there is no evidence to show that Dempsey was an accomplice, principal, or accessory to the murder of

Currie, he is not an accomplice witness in the trial of the appellant for the murder of Currie. See Ham v. State, 4 Tex.App. 645 (1878); Warren v. State, 60 Tex.Cr.R. 468, 132 S.W. 136 (1910); Liegois v. State, 73 Tex.Cr.R. 142, 164 S.W. 382 (1914); Chandler v. State, 89 Tex.Cr.R. 599, 232 S.W. 337 (1921); Carnathan v. State, 478 S.W.2d 490 (Tex.Cr.App.1972); 23 C.J.S. Criminal Law § 786(2). Cf. Washburn v. State, 167 Tex.Cr.R. 125, 318 S.W.2d 627 (1958); Morgan v. State, 171 Tex.Cr.R. 187, 346 S.W.2d 116 (1961). This ground of error is overruled.

Another complaint is that a court-appointed psychiatrist was permitted to testify about statements the appellant had made to the psychiatrist, and that the prosecution was permitted to use the psychiatrist's report in an attempt to impeach the appellant. The appellant argues that the out of court statements he made to the psychiatrist are inadmissible for two reasons: First, the statements constituted an oral confession that was inadmissible because it was obtained without meeting the requirements of Article 38.22, Vernon's Ann.C.C. P.; second, the statements made to the psychiatrist during his examination of the appellant to determine his competence were under the provisions of Article 46.02, § 2(f)(4), inadmissible. We have examined the record and have failed to find any objection to the psychiatrist's testimony or the use of his report for the purpose of cross examination either because the appellant's statements constituted an oral confession not taken in compliance with Article 38.22, V.A.C.C.P., or because the appellant's statements were inadmissible under the provisions of Article 46.02, § 2(f)(4), V.A.C.C.P. The objections referred to in the appellant's brief cannot be construed to have raised these questions in the trial court. Since these alleged errors were not preserved in the trial court, nothing is presented for review. See, e. g., Brown v. State, 508 S.W.2d 91 (Tex.Cr.App.1974); Taylor v. State, 508 S.W.2d 393 (Tex.Cr. App.1974); Hayslip v. State, 502 S.W.2d 119 (Tex.Cr.App.1973); Moore v. State, 480 S.W.2d 728 (Tex.Cr.App.1973).

The appellant asserts that he was denied a fair trial because Mr. Guilford Jones, an attorney hired by the family of the deceased, was permitted to participate in the trial of the case. The appellant argues that Mr. Jones was acting as a special prosecutor and that the record does not show that he was formally appointed to that office or that he filed an oath of office as required by Articles 2.01 and 2.07, V.A.C.C.P. These statutes are only applicable when the elected district attorney is disqualified to prosecute a particular case and the district judge appoints a special prosecutor under the provisions of these statutes. In this case the district attorney in the district where the offense was committed and the district attorney in the district where the case was tried were both active in the prosecution of the appellant. It is not alleged that they did not have the control and management of the prosecution. Due process is not denied by permitting a privately retained attorney to participate in a criminal prosecution when the district attorney retains control and management of the prosecution. See Ex parte Powers, 487 S.W.2d 101 (Tex.Cr.App. 1972); Lopez v. State, 437 S.W.2d 268 (Tex.Cr.App.1968); Powers v. Hauck, 399 F.2d 322 (5th Cir. 1968).

The appellant's last ground of error which complains about an "accumulation of errors and irregularities" does not comply with requirements of Article 40.09, § 9, V. A.C.C.P., and presents nothing for review.

The judgment is affirmed.

Opinion approved by the Court.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

Two contentions are raised in this motion for rehearing.[1] Our discussion will be limited to the second, which relates to the testimony given at trial by a court-appointed psychiatrist who examined the appellant. The witness was allowed to testify as to certain statements made by the appellant during the examination which were inconsistent with the appellant's testimony at trial.

In our opinion on original submission, we held that appellant's objections to the psychiatrist's testimony were too general to preserve error. Upon re-examination of the record, we have concluded that the objections offered were sufficient to call the court's attention to the appellant's complaint. A reading of the objections clearly reveals that counsel for the appellant desired that the psychiatrist should not testify as to statements made by the appellant during the psychiatric examination. It further appears that the court understood the substance of appellant's complaint, for at one point the court stated:

"Gentlemen, the court realizes that we have a situation here where you want your testimony, your man to have what he says, but you are going to say to the State because he made that statement to this fellow over here we are not going to let you say it because he happens to be a doctor the court appointed. The court appointed this man to help determine the truth of the sanity or insanity, and the door has been opened in the court's opinion . . ."

It is apparent from the above that the court understood the nature of appellant's complaint and that the objection was sufficiently specific.

Our Code of Criminal Procedure, in providing for the appointment of qualified persons to assist in making the determination as to the competency of an accused, provides:

"No statement made by the defendant during examination into his competency shall be admitted in evidence against the

1. This is a companion case to Davis v. State, 513 S.W.2d 928 (Tex.Cr.App.1974).

accused on the issue of guilt in any criminal proceeding no matter under what circumstances such examination takes place." Art. 46.02, Sec. 2(f)(4), V.A.C.C.P.

Under the express terms of the statute, there can be no doubt as to the inadmissibility of such evidence. See Smith v. State, 502 S.W.2d 814 (Tex.Cr.App.1973). Statements made by the accused during such an examination are not admissible *for any purpose* on the issue of his guilt. The use of such statements is flatly and absolutely prohibited and there are no exceptions.[2]

While such an error may be rendered harmless, as when the accused admits the making of the statements (see Smith v. State, supra), it cannot be waived. The statute is too clear and absolute to be held subject to waiver.

For the reasons stated, the appellant's motion for rehearing is granted and the judgment is reversed and the cause remanded.

MORRISON, Judge (concurring).

While I agree with the results reached by my brother Roberts, I feel that it is imperative to spell out the exact manner in which the statute was violated.

The record reflects that the trial court and the special prosecutor were familiar with the statute in question, Article 46.02, Sec. 2(f)(4), V.A.C.C.P., but, if we properly analyze their approach to the problem, they construed the statute only to prohibit the court-appointed psychiatrist from testifying that the accused, while being questioned by the psychiatrist, admitted he committed the crime, and not to prohibit testimony concerning other phases of the examination which did not involve direct admission of guilt.

The special prosecutor stated to the court in the absence of the jury that he intended to offer the testimony of Dr. Kreimeyer (the court-appointed psychiatrist), "for impeachment purposes only", to rebut four parts of appellant's testimony. Specifically:

a) He had never claimed to have amnesia with regard to the events occurring from mid-November to mid-December.

b) Floyd Palmer (a co-conspirator) had not been in his house on the day of the robbery-murder.[1]

c) He had never heard of any plan to rob the deceased.

d) He went down into the brush around Big Lake shortly after the time of the offense for the specific purpose of checking an oil pipeline.[2]

Over repeated objections, Dr. Kreimeyer was permitted to testify that, during the course of his psychiatric examination[3] of appellant, appellant denied any recollection or else had poor recollection of events from mid-November until about December 12. He testified that appellant told him that Floyd Palmer had visited him on December 2 (but the purpose of this visit was not discussed) and that he had several times been offered a part in the plan to rob deceased, but had consistently refused. Dr. Kreimeyer also testified that appellant related to him some incident of wandering around in the brush which took place during this same period of time, but he did not seem to know what he was doing out there.

2. The statements were admitted for impeachment in this case. However, under our holding in Butler v. State, 493 S.W.2d 190 (Tex. Cr.App.1973) they were not available for that purpose.

1. Janie Montgomery, whom appellant claimed to be his common-law wife, testified under a grant of immunity that Floyd Palmer came to the house where she and appellant lived on the evening of December 2, and from there appellant and Palmer left to "pull the job."

2. It was the State's theory that after the offense occurred appellant was separated from the rest of the group and wandered around in the nearby brush for three days before he was retrieved by Janie Montgomery.

3. As authorized by Article 46.02, Sec. 2(f)(1), V.A.C.C.P.

Article 46.02, Sec. 2(f)(4), supra, provides in part:

"No statement made by a defendant during examination (by a court appointed qualified expert) into his competency shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding no matter under what circumstances such examination take place."

Although appellant did not tell Dr. Kreimeyer that he had participated in the robbery and murder of the deceased, and the doctor did not so testify, his testimony about his interview is used in rebuttal to appellant's defense and is just as damning and certainly is prohibited by the statute.

For the reasons stated, I concur in the opinion setting aside our prior opinion affirming the case and in ordering the cause reversed and remanded.

DOUGLAS, Judge (dissenting).

The judgment should be affirmed for the reasons stated in the original opinion by Commissioner Dally.