**Maria C. MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00343–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 31, 1986.

Steve Seiler, Harry A. Nass, Jr., San Antonio, for appellant.

Sam Millsap, Jr., Karen Amos, Alfred E. Hernandez, Charles Estee, Criminal Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## ON APPELLANT'S MOTION FOR REHEARING

TIJERINA, Justice.

Appellant, Maria Martinez, was convicted by a jury of attempting to murder and assessed punishment of eighteen years' imprisonment and a $10,000 fine. This Court affirmed her conviction on February 20, 1985. A motion for rehearing has been filed which we grant. Our prior opinion is withdrawn and the following is substituted therefor.

The indictment under which she was tried charged that on June 27, 1982, appellant did:

> ... intentionally and knowingly attempt to cause the death of EDWARD HACKETT hereinafter called complainant, by STRIKING THE SAID COMPLAINANT WITH A SLAPJACK AND A FLASHLIGHT, an act amounting to more than a mere preparation that tended but failed to effect the commission of the offense of murder, having at the time the specific intent to commit the offense of murder....

We have granted rehearing to consider whether the evidence was insufficient to support the conviction.

Proof of the allegations set forth in the indictment came primarily through the testimony of the complainant and the testimony of Gerardo Alvizo, an accomplice as a matter of law. Hackett testified that he had threatened to expose defendant's involvement in the November 18, 1981, murder of her husband for insurance money. Following the death of her husband, appellant and Hackett became lovers. On June 27, 1982, complainant, who had spent two days with a friend, returned to appellant's home. Appellant, and her children, Raul, Angela and Delia, were sitting in the living

room. Alvizo and his wife arrived soon after Hackett.

Appellant followed complainant to a back bedroom where they began to argue and she accused him of being with other women. Appellant slapped him and left the room.

Soon thereafter Raul and Alvizo entered the room and began to fight with him. Alvizo hit Hackett in the face with a blackjack and asked him if he wished to die. Complainant ran from the bedroom but was knocked backward when he collided with appellant, who was standing in the hallway. He was unable to get around appellant and she did nothing to help him.

Complainant was hit on the back of the head with a flashlight and knocked to the floor where he was handcuffed and gagged after he threatened to expose appellant's involvement in the murder of her husband. Raul hit the complainant in the face with the blackjack and told him that he was going to die. Alvizo told his wife to turn up the stereo and cover up the noise. When appellant's daughter, Angela, pointed a knife at complainant and told him that she was going to kill him because he had killed her father, appellant told her, "Not here." Soon thereafter, Alvizo and Raul put complainant in a utility room where from which he later escaped.

According to the complainant, he did not know where appellant was during the fight in the bedroom. She appeared to be upset during this incident and she did not assist in his beating or at any time say that she wanted to kill him. Even after this event, the complainant returned to appellant's house and spent nights there. She continued to give him money and, in his opinion, she had never done anything to hurt him.

The testimony of Alvizo was inconsistent and contradictory. Initially, he testified that appellant had telephoned him and told him that she was having problems with complainant. He later denied this and stated that the real reason appellant telephoned him was to ask him to paint a portion of her home, which he did. On the night of the assault, appellant came out of

the bedroom crying. Her son, Raul, saw her, ran to the bedroom and started fighting with complainant. Alvizo went to the bedroom to stop the fight. Complainant was going to hit Raul with a blackjack and so Alvizo took it from him and hit him with it when Hackett began to come at him.

During the entire episode appellant was crying. She did not ask him or Raul to go to the bedroom and neither he nor Raul attempted to kill the complainant. During the fight appellant told them to settle down. When her daughter threatened complainant with a knife, appellant took her to her bedroom and then went to her own bedroom. She was not seen again until after complainant had been put in the utility room.

On direct examination, Alvizo testified that appellant told him and Raul to put complainant in the utility room and that after they did so, appellant asked him if he knew how to kill complainant. On cross-examination Alvizo testified that appellant did not tell them to take the complainant to the utility room and that he did not actually recall her asking him whether he knew how to kill complainant. Appellant did not say that she was worried about complainant until after he escaped that evening.

In reviewing the sufficiency of the evidence question we must determine, after viewing the evidence in a light most favorable to the verdict, whether any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, *reh. denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *Girard v. State*, 631 S.W.2d 162, 163 (Tex.Crim.App. 1982). If a rational trier of fact could not have found guilt beyond a reasonable doubt, the conviction cannot stand. *Jackson v. Virginia*, 443 U.S. at 317–18, 99 S.Ct. at 2788; *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). *See also Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim.App.1981).

Upon the evidence presented at trial, the court instructed the jury on the law of "parties." TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974), provides, in part:

> (A) A person is criminally responsible for an offense committed by the conduct of another if;
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (2) Acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; ...

The court also charged the jury as follows:

> A person commits an offense if, with specific intent to commit an offense, she does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

*See Colman v. State*, 542 S.W.2d 144 (Tex. Crim.App.1976); TEX.PENAL CODE ANN. § 15.01(a) (Vernon Supp.1985).

■ In this context we review the record to determine the existence of direct or circumstantial evidence tending to connect appellant to the offense of attempted murder. We are mindful that specific intent to kill is a necessary element of attempted murder. *Flanagan v. State*, 675 S.W.2d 734, 741 (Tex.Crim.App.1984) (opinion on rehearing).

■ There is no direct evidence that appellant: (1) struck the complainant with a slapjack or a flashlight; (2) acted with intent to promote or assist the commission of the offense; or (3) solicited, encouraged, directed, aided or attempted to aid other persons to commit the offense. Further, because Alvizo has been convicted of an offense arising out of his fight with the complainant, he is an accomplice as a matter of law. We may not consider his testimony unless it is corroborated by the inculpatory testimony of other witnesses that tends to link appellant with the commission of the offense. *Brown v. State*, 672 S.W.2d 487, 488 (Tex.Crim.App.1984); *Meyers v. State*, 626 S.W.2d 778 (Tex.Crim.App. 1982).

■ When the testimony of Alvizo is disregarded the sole evidence tending to connect appellant with the commission of the charged offense is the testimony of the complainant. His testimony merely establishes that he had an argument with appellant, following which she left his presence and he did not see her again until he ran into her in the hallway. She did nothing to help either him or Raul and Alvizo during the fight. This testimony does not shed any light on complainant's conduct or state of mind during the time of the charged offense nor does it tend to connect appellant with the commission of attempted murder. Therefore, it does not corroborate the testimony of the accomplice Alvizo so as to make that testimony more likely than not to be true. *James v. State*, 538 S.W.2d 414, 416 (Tex.Crim.App.1976).

■ Even if we were to consider the testimony of Alvizo the evidence is insufficient to support appellant's conviction. When a conviction is predicated on circumstantial evidence it is incumbent that the State's evidence exclude every reasonable hypothesis other than that the appellant is guilty of the offense charged in order to sustain its burden of proof. *Wilson v. State*, 654 S.W.2d 465, 472 (Tex.Crim.App. 1983) (opinion on rehearing); *Urtado v. State*, 605 S.W.2d 907, 909 (Tex.Crim.App. 1980). Proof amounting only to a strong suspicion or mere probability is insufficient. *Moore v. State*, 640 S.W.2d 300, 302 (Tex.Crim.App.1982). Mere presence at the scene of the crime alone is not sufficient to conclude beyond a reasonable doubt that the accused committed the offense. *Wright v. State*, 603 S.W.2d 838, 840–41 (Tex.Crim.App.1980) (opinion on rehearing).

■ The circumstantial evidence offered by the State in this case does not exclude every reasonable hypothesis except the appellant's guilt. Alvizo's testimony, considered in a light most favorable to the State, contains no evidence of appellant's present intent to kill complainant at the time he was assaulted by Alvizo and her son as alleged in the indictment. That

evidence establishes nothing more than that the appellant and the complainant argued over her suspicions that he had been out with other women. When appellant's son saw her crying and heard her say that the complainant had slapped her, he took it upon himself to start a fight with complainant. The evidence does not establish that appellant did anything other than stay uninvolved at the time that complainant was beaten with a flashlight and a blackjack. During the hallway fight, according to Alvizo, appellant asked them to settle down when things were getting loud. Afterward, she intervened when her daughter threatened complainant with the knife. Even if a jury chose to believe Alvizo's testimony, which he recanted on cross-examination, that appellant was worried that complainant would tell the police about the murder of her husband and that after complainant had been placed in the utility room she asked Alvizo if he knew how to kill him, this evidence does not shed light on the specific intent of appellant at the time of the assault.

Viewing the evidence in a light most favorable to the verdict, we find that it is insufficient for a rational trier of fact to have found the essential elements of the crime charged or to convict appellant as a principal or as a party beyond a reasonable doubt. The evidence does not exclude every reasonable hypothesis except appellant's guilt. Appellant's first ground of error is sustained.

■■■ The second ground of error concerns the admission in evidence of an extraneous offense. The witness Hackett was allowed to testify, over objection, that appellant had participated in the killing of her husband. An accused may not be tried for a collateral crime. He is entitled to be tried on the accusation made in the State's pleading. *Rubio v. State,* 607 S.W.2d 498, 499 (Tex.Crim.App.1980); *Sanders v. State,* 604 S.W.2d 108, 111 (Tex.Crim.App.1980). Evidence of extraneous offenses committed by the accused has been held admissible: (1) to show the context in which the criminal act occurred; (2) to circumstantially prove identity where the State lacks direct evidence on this issue; (3) to prove scienter, where intent or guilty knowledge is an essential element of the State's case and cannot be inferred from the act itself; (4) to prove malice or state of mind; (5) to show the accused's motive; or (6) to refute a defensive theory raised by the accused. *Albrecht v. State,* 486 S.W.2d 97, 100–101 (Tex.Crim.App.1972). Extraneous offenses committed by the accused may become admissible upon a showing by the prosecution that the transaction is relevant to a material issue in the case and that its relevancy outweighs its inflammatory or prejudicial potential. *Murphy v. State,* 587 S.W.2d 718, 722 (Tex.Crim.App.1979).

■■■ In the instant case the State conceded that there was no direct evidence showing the guilt of appellant, either as a principal or as a party, for attempted murder of the complainant. The justification for the introduction of the extraneous offense was to establish motive; however, there is no proof in this record that appellant was guilty of that offense or that she had ever been indicted for it. Ordinarily, a judgment will not be reversed for the erroneous admission of evidence that did not injure the defendant; the question is whether there is a reasonable probability that the evidence complained of might have contributed to the conviction. *Esquivel v. State,* 595 S.W.2d 516, 529 (Tex.Crim.App. 1980). In this case, it is quite obvious that the evidence complained of prejudiced appellant and contributed to her conviction. The trial court erred in permitting, over objection, the introduction of the extraneous offense. We sustain appellant's second ground of error.

■■■ Appellant next complains that the trial court erroneously denied her request that the jury be instructed that the complainant Hackett was an accomplice to her husband's murder and that his testimony concerning it required corroboration. An accomplice witness is someone who has participated with another before, during or after the commission of a crime, *Ferguson v. State,* 573 S.W.2d 516, 523 (Tex.Crim.

App.1978), and who could be indicted and punished for the crime for which the accused is being tried. *Liegois v. State*, 73 Tex.Crim. 142, 164 S.W. 382 (Tex.Crim.App. 1914). Where a witness is criminally connected with the offense, a charge on accomplice testimony is required. *Chappell v. State*, 519 S.W.2d 453, 460 (Tex.Crim. App.1975). Hackett's own testimony establishes that he was an accomplice to the murder of appellant's husband. Appellant's third ground of error is sustained.

The judgment of the trial court is reversed and appellant is discharged. *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

REEVES, J., concurs in result without opinion.

CADENA, C.J., concurs and dissents in part.

CADENA, Chief Justice, concurring and dissenting in part.

I agree that the evidence is insufficient. However, I would hold that the evidence concerning appellant's participation in the killing of her husband was properly admitted since it served to establish a motive for the attack on Hackett, who had threatened to expose her participation in the murder. *Williams v. State*, 662 S.W.2d 344 (Tex. Crim.App.1983).